2:23-cv-00156 -JR

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254

## (Petition for Relief from a Conviction or Sentence by a Person in State Custody)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be imposed in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum. Note that any written submissions must comply with the Local Rules of the District of Oregon.

6. **You must pay a fee of $5.** If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask for an Application to Proceed *In Forma Pauperis*. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, **send the original and one (1) additional copy to:**

Clerk of Court
U.S. District Court, District of Oregon
1000 SW Third Avenue, Suite 740
Portland, OR 97204-2902

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the
Court to file-stamp it and return it to you. If you are incarcerated at Snake River Correctional Institution, you must comply with the requirements of the E-Filing Pilot posted at the institution and set forth in Standing Order 2017-9.

9. **Notification Regarding Address Changes.** It is important that you indicate your current address and state offender identification number ("SID") on your petition. If your address changes during the course of this proceeding, you must give written notification to the Court and opposing counsel of your new address. The notification should include the case number and be labeled "Notice of Change of Address." Failure to keep the Court advised of your current address may result in dismissal of your action.

10. CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. You must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

11. CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY

| United States District Court | District of Oregon |
|---|---|
| Name (under which you were convicted):<br>**Simón Cowell Corona** | Docket or Case No.:<br>_ **Case No. CV 05168** |
| Place of Confinement:<br>**Two Rivers Correctional Institution**<br>**82911 Beach Access Road**<br>**Umatilla, OR. 97882-9419** | Prisoner (SID) No.:<br>__ **4664801** |

Petitioner (include the name under which you were convicted)
**Simón C Corona**
Respondent (authorized person having custody of petitioner)
**ERIN REYES, SUPERINTENDENT OF TRCI** _____

The Attorney General of the State: _____

## CONVICTION UNDER ATTACK

1.     Name and location of court that entered the judgment of conviction you are challenging: **Gilliam County Court**

2.     Criminal docket or case number (if known): _ Gilliam case no. 040077CR and Wheeler case no. **040014CR.** _____

3.     (a) Date of judgment of conviction (if known): **JUNE 23, 2006**.
       (b) Date of Sentence___ **JULY 7, 2006**_____

4.     Length of sentence: _**442 months**_____

5.     Identify all crimes for which you were convicted and sentenced in this case: _Petitioner's two cases were consolidated merely for convenience. On October 10, 2004, a Wheeler County grand jury indicted petitioner in the foregoing proceedings with the following charged offenses: In case no. 040014CR petitioner was charged with 2 counts of sexual abuse in the third degree, 1 counts of sexual abuse in the second degree, and 1 count of contributing to the sexual delinquency of a minor.

On December 14, 2004, a Gilliam County grand jury returned an indictment charging petitioner on case no. 040077CR with 10 counts of sexual abuse in the first degree, 5 counts of sexual abuse in the second degree, 6 counts of unlawful sexual penetration with a foreign object in the first degree, 4 counts of unlawful sexual penetration with a foreign object in the second degree, 1 count of rape in the third degree, 1 count of sodomy in the first degree, and 1 count of sodomy in the second degree.

Petitioner was convicted of the following offenses: Guilty of all indicted charges.

following a   jury trial   bench trial   plea of guilty   No Contest   Other

(Explain): Jury found Petitioner guilty of all charges in both cases.

6.      What was your plea? (Check one)

      ☒Not Guilty             ☐Guilty

      ☐Nolo Contendere (No Contest) ☐Insanity Plea

If you entered a guilty plea(s), list what crimes you pleaded guilty to, and what crimes you did not plead guilty to:

———————————————————————————

7.      If you pleaded not guilty, what kind of trial did you have? (Check one)

      ☒Jury             ☐Judge Only

8.      Did you testify at trial?

      ☒Yes             ☐No

## EXHAUSTION OF STATE REMEDIES

### *DIRECT APPEAL*

9.      Did you directly appeal from the judgment of conviction?

      ☒ Yes             ☐ No

a. Name of court**: GILLIAM/WHEELER COUNTY CIRCUIT COURT** b. Docket or case number (if known): _ **ORS 138.510-138.680** c. Result: _: **Guilty of all indicted charges. conviction and sentence.** d. Date of result and citation (if known): ___ on **JUNE 23, 2006.**

———————————————————————————

e. Grounds raised:

**Comes now the Petitioner Simón C.** Corona and respectfully petitions this Court for Post-Conviction Relief pursuant to ORS 138.510 – 138.680, and alleges as follows:

**1.**

Petitioner Corona is imprisoned in the **EASTERN OREGON CORRECTIONAL INSTITUTION (EOCI)** in the city of Pendleton, OR and is unlawfully confined and restrained of liberty by the above-named Defendant in violation of Oregon state and federal constitutions and applicable state and federal laws.

**2.**

Petitioner's imprisonment is by virtue of a judgment and sentence imposed by the **GILLIAM/WHEELER COUNTY CIRCUIT COURT** in the case of State v. Corona, 222 Ore. App. 330, 194 P.3d 193 (2008), rev. denied 345 Ore. 503, 200 P.3d 147 (2008); Gilliam case no. 040077CR and Wheeler case no. 040014CR. The judgment was entered on JUNE 23, 2006. Sentence was imposed on JULY 7, 2006.

`     The sentencing Judge was **PAUL G. CROWLEY** and the judgment sentences Petitioner to the legal and/or physical custody of the Department of Corrections for a period not to exceed; **422 months.**

**3.**

An appeal was not taken from the said conviction and sentence. The Oregon Court of Appeals or   Supreme Court entered its judgment on **September 17, 2008**, and the result was; **AFFIRMED WITHOUT OPION.**

A Petition for Review was not filed in the Oregon Supreme Court. The Petition for Review was: DENIED, and this occurred on MARCH 25, 2009. The

attorney of record on the appeal was: ERICA HERB (OSB#063561).

If Petitioner has had any prior post-conviction proceedings explain:
YES, on July 30, 2009 petitioner filed a PCR in Corona v. Course, Umatilla
County Court case no. CV091017 for which petitioner challenged his conviction
and sentencing from Gilliam County. Petitioner was represented by court appointed
attorney Mark Mardini (OSB#830660).

**4.**

Petition has not previously applied for post-conviction relief pertaining to this
case. The result of the previous post-conviction relief case was: The post-
conviction court denied relief and dismissed the petition. Petitioner filed a post-
conviction appeal and was represented by court appointed attorney James N.
Varner. On August 13, 2010 by the *"request of attune recommendation by
attorney",* the appellate judgment was issued based on the attorney's order,
petitioner's motion to dismiss the appeal.

**5.**

Petitioner was represented by attorney BRIAN D. AARON (OSB#901650) at
trial level proceedings. Said attorney was retained appointed. At the present time,
petitioner is financially unable to retain his own counsel and respectfully requests for
appointment of counsel as provided under ORS 138.500.

**6.**

At the present time, petitioner is financially unable to retain his own counsel
and respectfully requests for appointment of counsel as provided under ORS
138.500.

**7.**

On January 31, 2011, petitioner initiated a Habeas corpus action before the U.S. District Court of Oregon in Corona v. Course, USDC No. 3:11-CV-00120-PK. The court dismissed petitioner's claims as procedural defaulted. Following the default judgment, on April 19, 2011 petitioner filed an appeal from the dismissal of his Habeas Corpus action to the Court of Appeals for the Ninth Circuit in case no. USCA 13-35332. The Ninth Circuit Court denied a request for a certificate of applicability and dismissed the appeal.

**8.**

Petitioner's two cases were consolidated merely for convenience by the judge. On October 10, 2004, a Wheeler County grand jury indicted petitioner in the foregoing proceedings with the following charged offenses: In case no. 040014CR petitioner was charged with 2 counts of sexual abuse in the third degree, 1 counts of sexual abuse in the second degree, and 1 count of contributing to the sexual delinquency of a minor.

On December 14, 2004, a Gilliam County grand jury returned an indictment charging petitioner on case no. 040077CR with 10 counts of sexual abuse in the first degree,  5 counts of sexual abuse in the second degree,  6 counts of unlawful sexual penetration with a foreign object in the first degree,  4 counts of  unlawful sexual penetration with a foreign object in the second degree,  1 count of rape in the third degree,  1 count of sodomy in the first degree, and  1 count of sodomy in the second degree.

Petitioner was convicted of the following offenses: Guilty of all indicted charges.
following a   jury trial   bench trial   plea of guilty   No Contest   Other
(Explain): Jury found Petitioner guilty of all charges in both cases.

**9.**

This Petition is being filed within two years of the date that the Judgment was entered in the register or the date the appeal was final in the Oregon Appellate Courts.   Petitioner believes that the current imprisonment from the proceedings described above was, and is illegal, due to substantial violations of his rights to adequate and effective assistance of trial, appellate, and post-conviction counsel as guaranteed by Oregon Constitutional Article I § 10, 11 and Unites States Constitutional 6th and 14th Amendments. Petitioner was substantially denied his civil rights in violation of both Federal and State Constitution and under Oregon Revised Statutes to include ORS 138.530(1) (a-d) for the following claims:

**CLAIM I.**

**Constitutionally Incompetent, Inadequate, And Ineffective Assistance of Trial Counsel.**

**A.) Failure to File Meaningful Pretrial Motions.**

**1.**

Counsel Bryon Aaron failed to file a motion for disqualification of appointed judge base on the prior history of defendant and his family dealing on a sexual assault and Physical abuse of a miner case of his daughter by three young men of who were of political and related connections to the prosecutor and friends of this Presiding Judge Paul G. Crowley, and if convicted, petitioner feared he would be more than likely to be imposed a disproportionately harder sentence. The impairment of impartiality and fairness of the judge was at issue prior to trial and prejudicial factors were involved and apparent. Defendant believed that the judge's impaired fairness and impartiality was at issue as prejudicial in accordance with rule [ 3 ] of the judicial code of conduct. Defendant also believed that due to the prejudice and harassment in the local community against his family a fair and

impartial jury trial would not be possible as the court Presiding Judge Paul G. Crowley, is also part that same community 'A first Counsel argued a change of venue', but second trial Counselor did not assert the prejudicial and impairment side in court even after the judge Paul G. Crowley, mentioned it several times in court during the hearing. This lack of assertiveness prejudiced defendant and was not able to have a constitutional fair and impartial jury trial impaneled within either of these two counties of Gilliam or Wheeler.

## 2.

Counsel Bryon Aaron failed and refused to challenge the filed motion for a change of venue based the mood of the overwhelming township people's mood and prejudicial court setting. Under Oregon Statute defendant is entitled to have a fair and impartial jury trial as part of due process and equal protection of the law and as also provide under the provisions of both state and federal constitutions. The provisions under ORS 131.305 to 131.415 provide the relevance for the request due to the numerous hateful threats against the defendant and his daughter in the town of Fossil and Condon, OR. Based on the pretrial investigation a fair and impartial jury would be next to impossible to select from this township area.

## 3.

Counsel Failed to challenge the sufficiency of the indictment or motion to set aside the indictment as provided under ORS 135.510 and 135.630 in order to validate and challenge the allegations raised against the defendant and to ensure that the indictment is registered as a "true bill or not". A review of the grand jury notes and transcripts should have been done prior to trial in a motion to the court.

**4.**

Counsel failed to file a motion to suppress any statements made by defendant during the pretrial interview without having any legal representation present to advice or provide legal assistance and to provide awareness of constitutional rights denied. Counsel also failed to object or suppress statements made by Christopher Roberts and Benjamin Roberts as irrelevant to current case of sexual abuse as these statements were prejudicial to defendant and mislead the jury by emotional distress of a non-victim or complainant in this case.

**B.) Failure to Diligently Investigate.**

**1.**

Newly appointed trial counsel Aaron failed to diligently and dutiful investigate allegations against defendant Corona as inconsistent information was provided in the discovery which was fabricated and created in order to increase the gravity of the circumstances at issue. Counsel's cumulative failures and errors amounted to prejudice resulting in his conviction. Counsel's submission to the district attorney and his willingness to accept the State's theory and investigation results instead of conducting his own independent investigation of the allegations, seek and interview witnesses, and present mitigating evidence in trial. The omission of evidence and investigative findings were a product of failure to exercising professional skill and judgment by the lack of an acceptable tactical decision which prejudiced petitioner as counsel's performance fell below an objective standard of reasonableness of a defense counsel in other similar felony criminal proceedings under the prevailing professional norms.

### C.) Failure to Exercise Professional Skill and Judgment.

### 1.

Counsel failed to dismiss a juror he knew or should have known was related to the county sheriff and family. Petitioner acknowledged and recognized the jury foreman as the person related to the county sheriff and did not say anything to that effect during jury selection which should constitute perjury by mere omission when asked if any of them had any connections to this case or persons involved therein. This jury should have recessed themselves or should have been excused by defense counsel.

### 2.

Counsel failed to impeach state witness Lana Wing who testified that petitioner allegedly confessed to the offenses in the indictment. Lana Wing's credibility was in question when her inconsistent statements were made both in and out of court as" hearsay not as the truth", yet counsel "failed to impeach based on available hearsay evidence" in trial. This information and evidence available would have undermined Lana Wing's credibility as to her inconsistent statements without any personal knowledge and "time frame" or nor any proof or evidence to support or corroborate her hearsay statements. Lana Wing's introduction use of specific's "ethnicity, culture, traditions" of Hispanic Father's unmannerly and immoral sexual initiate their naive virgin daughters.

### 3.

Counsel failed to motion for a judgment of acquittal on all counts when the alleged victim Alexandra Roberts. Testified that she was abused by a man with a circumcised penis. Petitioner's penis is not circumcised as alleged by the victim, as most "Hispanics do not circumcise". This testimony contradicts and assures the

lack of personal knowledge by victim as she is accusing petitioner of exposing his penis to her during the alleged oral intercourse encounters and to include multiple counts of sexual intercourse. This lack of personal knowledge or fact of petitioner's penis corroborates petitioner's assertion of her fabricated allegations. The Presiding Judge Paul G. Crowley, have aligned the particular direction by predicate the visual observance, for evidence that can be obtained by the recall State witness, "Denice P. Rickard testified having before a long-term physical relationship". Counsel failed to achieve and preserve grounds of reasonableness recall State's witnesses. alleged victim Alexandra Roberts also denounced that she was raped.

**4.**

Counsel failed to execute or assert his duty in the best interest of his client by not objecting to the humiliating cross-examination by the prosecutor while testifying under diarist and demand to take the stand, without any objections a preservation on record will not allow petitioner to assert such violations of both conduct and procedural due process for appeal and later for post-conviction relief. Counsel's lack of duty prejudiced petitioner resulting in unpreserved issues and his conviction and during the sentencing stage.

**D.) Failure to Raise or Address Sentencing Issues.**

**1.**

Failure to raise and assert Oregon Statutes of Merger at sentencing. Counsel failed to assert or raise an argument with issues concerning Oregon statutes of consecutive and concurrent sentencing both prior and after the effective date of measure 11 on [April 1, 1995]. During sentencing proceedings counsel should have raised an issue of Merger but due to his incompetence he failed to exercise

his professional skills and judgment in the best interest of his client and based on his lack of action prejudiced defendant. The sentencing rendered was unconstitutional and beyond Oregon statutes and sentencing guidelines grid. The sentencing was essentially a life sentence for a 62-year-old disable defendant considering the additional excessive post-prison supervision which was imposed for more than a natural life time.

## 2.

Failure to raise any issues in the PSI/PSR as under Oregon State and Federal Statutes requirement of those defendants who are convicted of felonies have a right to copy of the presentence report at least 5 days prior to sentencing in accordance to ORS 137.077 and 137.079. Failure to request an order for a PSI, after judge's failure to make the order as prescribed under ORS 137.530 to conduct such an investigation and report by a parole and probation officers. This same court requirement is expressed and asserted in Fed. R. Crim. P. 32 which is a reversible error if the court does not comply.

## 3.

Failure to assert and object to the forfeiting of petitioner's bail money and award compensatory fine to the alleged victim without authority nor in accordance to any Oregon statute. As provided under ORS 161.045(4) No conviction of a person for an offense works a forfeiture of the property of the person, except in cases where a forfeiture is expressly provided by law. Petitioner complied with the bail and release requirements that should warrant the return of his bail money. The sentencing did not have the authority of forfeiture or disbursements of petitioner's bail money.

## CLAIM II.

## Constitutionally Ineffective Assistance of Appellate Counsel.

### 1.

Failure to raise any issues of trial counsel's cumulative errors throughout the entire proceedings which prejudiced defendant and resulted in a conviction of all charges based on the memory of an emotionally distressed young lady having marital and family issues under going psychological counseling in order cope. A copy of this report should have been part of the discovery as disclosure to a professional lay person.

### 2.

Counsel failed to raise any issues of Rule 3.07(2)(a) In a criminal case, the presentence report is part of the record on appeal. The Inspection of Confidential and Sealed Materials, Including Presentence Reports in Criminal Appeals which must be forwarded by the trial court once the notice of appeal was filed as of defendant's right. In two circumstances authorize and require intervention by an appellate court in sentencing decisions: when a trial court is "clearly mistaken" in imposing a sentence; and when the trial court fails to comply with its statutory duty under ORS § 144.791 by not ordering and considering a presentence report, and violation ORS § 137.120 and 137.750 by failing to state on the record its reasons for the sentence imposed. Counsel did not address nor raised any issues that the trial attorney and court judge failed to order a PSI and review the PSR prior or at the sentencing stage before the judgment was imposed.

### 3.

During the sentencing proceeding the court acknowledged and ask as to why there weren't more legal issue raised during the course of the case at TR730 the

court: "And that does leave me to the question, which is: What is the burning issue on appeal? Because it struck me that there were very few legal issues raised during the course of the case." This statement made by the judge acknowledges that more issues were not raised by the trial attorney that should be been in order to not deal with them in an appeal. This statement should have prompted appellate counsel to focus more on being diligently aware of his duty to look into these errors in court proceedings and sentencing and failing to make meaningful objections to preserve any issues.

### 4.

 Counsel failed raise an issue or to pursue the order or request to sale defendant's property and forfeit his bail money in order to award and impose compensatory fines for the victim in a criminal case. This court did not have the authority to render such an order, garnishment of bail, and order the sale of property to compensate the victim's emotional distress. ORS 22.050 provides in part, "Money or securities deposited under ORS 22.020 to 22.070 shall not be subject to garnishment". Oregon statutes expressly exempt from garnishment property in court custody. For example, ORS 29.205(2) provides that "property which may not be taken by garnishment shall include* * * property in the custody of the law." ORS 23.190 provides in part, "No clerk or officer of any court shall be required to answer as garnishee as to any moneys or property in the possession of the clerk or officer in the custody of the law." ORS 22.050 provides that money or securities deposited with a court in lieu of *"bail shall not be subject to garnishment"*. Both trial and appellate counsels failed to raise any issues with this clear abuse of discretion from the court judge even after his made the statement that this would be a civil court matter but, the district attorney was the puppet master and

directed the court to do so. "No conviction of a person for an offense works a forfeiture of the property of the person, except in cases where a forfeiture is expressly provided by law." rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

## CLAIM III.

### Constitutionally Ineffective Assistance of Post-Conviction Counsel.

#### 1.

On a successive PCR, counsel failed to address any issues of pretrial violations or failures of both trial and appellate counsels. The cumulative errors of trial counsel throughout the proceedings and especially the sentencing hearing should have been more diligently reviewed for procedural errors and the lack of any physical evidence, lack of factual proof, or any other type of evidence that petitioner actually committed these alleged crimes during the time range in the indictment which violates petitioner's due process and any type of actual defense; affirmative, alibi, or absolute. PCR in the indictment which violates petitioner's due process and any type of actual defense; affirmative, alibi, or absolute. Counsel failed raise any issues violating petit

#### 2.

PCR Counsel failed to raise issue with the Appellate counsel not raising issue with the trial counsel or the court. This in its self-ineffective assistance of legal counsel for not being diligently focused on procedural and court errors not being preserved for the next level of litigation or courts.

**3.**

PCR counsel failed to raise any objection or issues to be preserved during any proceedings or sentencing. The sentencing court acknowledged on record that the first ten counts, count I – X, were not under Measure 11, yet it imposed four of those counts as consecutive sentences to count I and increasing the criminal-history score to D, B, and A, instead of keeping or following the OAR to shift them to "I" as the sentencing guidelines and statutes dictate.

**4.**

PCR Counsel failed to raise an issue with the sentencing court's garnishment of bail money which it was, by established Oregon statute, not authorized to do so since petitioner did not violate any agreements nor did the court take into consideration as to the hardship it would create to the petitioner or family by not returning that posted bail money. As provided under the limits of application: (4) No conviction of a person for an offense works a forfeiture of the property of the person, except in cases where a forfeiture is expressly provided by law. PCR Counsel failed to assert or raise this issue of bail forfeiture during sentencing or by the appeal counsel. This in itself also violates due process which was not raised as a claim by PCR Counsel. "Not" excluded of other viable issues and erred.

**5.**

Prisoner's denial rendered the conviction void.   constitutional rights, procedural due process, and under ORS 138.520 pursuant to ORS 138.530(1)(a),(c),(d), in which the appellate courts denied review and relief constituting a violation in its self under this very same statute when a substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate

review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

**CLAIM IV.**

**1**

**<u>Undue Prejudicial Abuse of Court Deny Motion for a Change of Venue</u>**

Court's discretion to deny defendant's" *motion for a change of venue* "was "*prejudicial due to the lack of a fairness and impartiality"* under Oregon Judicial Code of Conduct Rule 3. This appointed judge was also the same Presiding Judge Paul G. Crowley, that ruled against the defendant's daughter being gang raped and physical abused a miner by three local young men with influential families in the county and also related to the prosecutor at that time. This case was highly publicized within these two counties and got to know defendant's family are trouble makers and were disliked to the point of harassment and threats, but they were not granted any protection or help from the local government to include the police and court. Although trial counsel did attempt to make an argument, he failed to assert the prejudicial part of the argument based on the findings of an independent investigator. Based on the prior case with defendant's gang rape case, this court judge should have rescued himself for the very least conflict of interest in impartiality and fairness against defendant. The court rendered leniency to the young men and no court hearing on this case which also failed to notify the victim nor her family of such a decision on the case nor provided a trial of their actions.

**2.**

Court failed to exercise its discretion to order and address a presentence investigation (PSI) at the conclusion of the trial under ORS 138.520 pursuant to ORS 138.530(1) (a), (d); The court rules include diligence of duty from the Presiding Judge Paul G. Crowley, to adhere and enforce these established guidelines in order to better serve the community and its people with impartiality and fairness in the name of justice. Oregon Statutes such as ORS 137.077, 137.079, 144.791(1) and ORS 137.120 are mandatory, not discretionary, and trial court was required to obtain and consider presentence report and state on record reasons for its decisions and sentence imposed.  This same requirement is also expressed in Fed. R. Crim. P. 32 and the lack of requires a reverse and remand of said sentencing as in many of other cases where the court failed to comply with its statutory duty and take into consideration a presentence report prior to imposing a sentence. WHEREFORE; based on the above provided information, statements, and the multitude of Constitutional Rights of both Federal and State, Oregon Statutes violations, arrest procedural issues, and overall violations of Due Process and Equal Protection of the Law. Petitioner seeks relief under ORS 138.520 pursuant to ORS 138.530(1) (a), (d); authorizes post-conviction relief from the "*substantial denial*" of State or Federal Constitutional Rights resulting in the conviction. Petitioner now prays and respectfully requests this Court for an order of reversing said unconstitutional conviction and sentence, remand for further proceedings in a different county outside of Gilliam and Wheeler, and for such further relief as this Court deems just and equitable under the circumstances of these proceedings and from this unjust imprisonment to once again enjoy our given Right of Freedom, privileges, and immunities granted to us under the Oregon State and U.S. Constitution.

## CLAIM III

### Constitutionally Ineffective Assistance of Post-Conviction Counsel.

Constitution of the United States, or under the Constitution of the State of Oregon, or both, Constitution of the United States, or under the Constitution of the State of Oregon, or both, Oregon Constitutional Article I § 10, 11 and Unites States Constitutional 6th and 14th Amendments.

under ORS 138.520 as ORS 137.077, 137.079, 144.791(1) and ORS 137.120 _, _ ORS 138.520 pursuant to ORS 138.530(1) (a), (d

10. Did you seek further review of the decision on appeal by a higher state court?

☒ Yes                    ☐ No

A  Name of court: **Circuit Court of the State of Oregon county of Umatilla**

**NOTICE PURSUANT TO CHURCH v. GLADDEN**

Docket or case number (if known): **ORS 138.510-138.680**

    c. Result:  Court appointed Attorneys O'Conner- Jason Weber
    d. Date of result and citation (if known):

    e **Court of the State of Oregon filed March [22.2017].**

. Grounds raised:     Pursuant to UTCR 5.050 (1) (3) petitioner's request. Id at 417 P. 2d 933, 244 ore. 308, 311-312' 919660.    petitioner's request. Id at 417 P. 2d 933, 244 ore. 308, 311-312' 919660.

COMES NOW, SIMON C. CORONA PETITONER pro s e. and moves this court a hearing, pursuant to **CHURCH V. GLADDEN,** for the purpose of inquiring into appointed counsel's deficiency and refusal to introduce petitioner Corona /new discovery evidence and other issues into the post-conviction: Attorney Joh Weiner.

A Post – Conviction I' petitioner Corona is not allowed to sit idly by and later complain about counsel's inefficient, but must instead inform the court at first opportunity of his attorney's failure to follow legitimate requests, and ask to have him

replaced or instructed by the court to carry out petitioner's request. Id at 417 P. 2d 933, 244 ore. 308, 311-312' 919660.

"All grounds for relief claimed by petitioner in a pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and grounds not so asserted are deemed waived unless the court on hearing a subsequent petition find grounds for relief asserted thinner which could not reasonably have been raised in the original petition." Accordingly, Joh Weiner counsel has lifted no choice in this matter, but to have Petitioner Corona notify this court as Petitioner Corona is required by law.

### NOTICE PURSUANT OF CHURCH V. GLADDEN

Petitioner's Corona is imprisoned in the Tow River Oregon Constriction Institution TRCI in the city Umatilla Oregon and is unlawfully confined and restrained of liberty by the above-named Defendant in violation of Oregon State and Federal Consideration and applicably state and Federal law. Petitioner's imprisonment is by virtue of a judgment and sentence imposed by the Gilliam/Wheeler County Circuit Court in the case of *State v. Corona, 222Ore. App. 330, 194 P.3d 193 (2008),* rev. denied 345 Ore. 503, 200 P.3d 147 (2008); Gilliam case no. 040077CR and Wheeler case no. 040014CR. The judgment was entered on JUNE 23, 2006. Sentence was imposed on JULY 7, 2006. The sentencing Judge was Paul G. Crowley. and the judgment sentences Petitioner to the legal and/or physical custody of the Department of Corrections for a period not to exceed; 422 months. It is therefore requested by petitioner Corona, that this honorable court intervene into this matter to ensure the fieriness of justice in these proceeding.

### NOTICE PURSUANT OF CHURCH V. GLADDEN

Petitioner's Corona is imprisoned in the Tow River Oregon Constriction Institution TRCI in the city Umatilla Oregon and is unlawfully confined and restrained of liberty by the above-named Defendant in violation of Oregon State and Federal Consideration and applicably state and Federal law. Petitioner's imprisonment is by virtue of a judgment and sentence imposed by the Gilliam/Wheeler County Circuit Court in the case of State v. Corona, 222 Ore. App. 330, 194 P.3d 193 (2008), rev. denied 345 Ore. 503, 200 P.3d

147 (2008); Gilliam case no. 040077CR and Wheeler case no. 040014CR. The judgment was entered on JUNE 23, 2006. Sentence was imposed on JULY 7, 2006. The sentencing Judge was Paul G. Crowley. and the judgment sentences Petitioner to the legal and/or physical custody of the Department of Corrections for a period not to exceed; 422 months. It is therefore requested by petitioner Corona, that this honorable court intervene into this matter to ensure the fieriness of justice in these proceeding.

### Oral Arrangement Request of Time

Pursuant to UTCR 5.050 (1) (3) the Petitioner requests Oral Arguments on the above captioned case. Official Court Reporting services are required, and the petitioner estimates that approximately SIXTEY minutes will be required to effectively conduct this hearing. Please call ore wright notes to schedule this hearing.

**Please note:** I believe at the time of the trial and place was not justifiable under the meaningful fairness in my deference to prove my self-insentient of all charges of all the accusations and that I have tried to prove my insentient for fourteen [15] years and not have my day in court until this day to say what is true and just, in part to my Self and me Daughter Evonne Gloria Corona.

Thank you for hearing what I have to say. I am a Father to three [3] loving daughters and a son I been blessed with Ten [10] Grandchildren and Two [2] Grate Grand Daughters.   There are Six [6] Grandchild that I have never behold, only photos. I was a single Father of Two [2] very young girls and work as a Dental Laboratory Technician and later a Jeweler for most of my working years, and C.S.D. At "McClain School for boys" and "Youth for Christ" for five years 1977 via 1981. I am seeking to rise reasonable doubt that I was not perpetrator of the crime I was charged. The "bias and prejudiced jury" found me guilty of numerous and I was ultimately sentenced to an aggregate term of 446 mouths. In seeking to rise reasonable doubt that I was not given a just rendering judgment not influenced by bias trial.

### NOTICE PURSUANT TO CHURCH v. GLADDEN

Counseling has failed to adequately communicate, or otherwise coordinate the petitioner's issues into an amended/formal Petition for Post-Conviction Relief. In accordance with **Church v. Gladden, 244 ORE. 308, 311,417 P.2d 993 (1966), If** petitioner's attorney in the first post-conviction proceeding failed to follow any legitimate request, petitioner." Simón Cowell Corona", Could not sit quietly. I must

inform the court at [The] first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out the petitioner's request" **Id at 244 Ore 311, 312.** Request appointment of counsel in the case of amended Post Convention proceeding.

### Court of the State of Oregon filed March [22.2017].

Petitioner Corona Submits by theoretically failure of Counseling on the State Court level above Government so to adequately address and presentation of errors on thus issues not serenaded "Constitutes Ineffective Assistance on Counsel on Direct Appeal" Could amount to "Cause" Excising on Petitioner Corona failure to raise clams and to procedural defaulting and Constitution clam.

### Standard of Review Judgment of Dismissed of Petition

Prier Court of Appeal the judgment unambiguously dismissed the entire petition as merit less and for reasons according. ORS 138.525 [3] bar this Appeal [1].

Soon after I had filed a notice of appeal, the Appellate Commissioner issued an order determining that the appeal could go forward.

The Commissioner issued that order before the decision in *"Breeze and Hayward"* and has conclusion that the judgment in the case is appeal able cannot withstand the opinion in this case.

The "Cause" of respond is largely claiming that "several claims should have been raised" in the earlier proceeding and that I wished to also introduce as "New Discover Evidence". This cla1m delay any action is being filed within two elements of that the judgment was entered in the register or the date the appeal was in the "Oregon Appellate Court". Now to exclude the delay by the reported lost by the EOCI law libber staff of mailing the document to the court. Costing nine month the delay to resolve the issue of wrongly handle document.

Encoding the time bared by the illness of SAR (2) and COVID (19) having cause the loss of motor skill of legs and arms for several month and when trashed to TRCI un-abele to use stairs at TRCI, and then for the second time with COVID crusted more time and delays, also lock down of the incitation fore times, lasting three weeks at a time. I am still recuperating with respiratory system and the "Time lost". The of the Court a punted Counselor Jon H. Weiner. The time lost with counselor was cause by his heart coronary illness, and eight months recuperating and along with only speaking to the councilor fore time in two years.

Argument on the astuteness by Counselor Jon H. Weiner Has "Not" follow the pursue of   investigation on eligible follow up on the thirty-five and new discover evidences of thirty plus pages of notation and the documents of evidence of letters that was sent by me as his client Mr. Corona "via. Reg. Post". Also, none respond to promise investigator to visit and interview with my Daughter Evonne G. Corona and also has not follow up or answer several phone calls by my daughter's Sabrina Corona Lackey and Evonne G. Corona or Pamela Corona Black. Or call and interview others on the list of phone numbers I sent to Mr. Weiner. Only one phone call 2021 prier and 2022 several attempts to speak to him and an additional twenty-five-page notation of my case and asked for a call.  The of the Court a punted O'Connor Weber on PCR. appeal. May 13 2022.

### None Merit Appeal Erred

The Post-Conviction Court "Erred when it dismissed a petition", "Under Cause" of "None Merit Appeal". I have petitioned the court in good faith of prior appeal have appealed to other court's and been denied due post-conviction rule to issues decision on **"None Merit".**

11.    Did you file a petition for certiorari in the United States Supreme Court?

☒ Yes                    ☐ No

a. Name of court:

_____

_____

b. Docket or case number (if known): _____

c. Result:

_____

_____

d. Date of result and citation (if known):

_____

e. Grounds raised:

_____

_____

_____

_____

_____

_____

12.    If you did not directly appeal from the judgment of conviction, explain briefly why you did not:

_____

_____

## POST-CONVICTION RELIEF

13.    Did you file a petition for state post-conviction relief?

☒ Yes                    ☐ No

**a. Name of court:** If Petitioner has had any prior post-conviction proceedings explain:

YES, on July 30, 2009 petitioner filed a PCR in Corona v. Coursey, Umatilla County

Court case no. CV091017 for which petitioner challenged his conviction and sentencing from Gilliam County. Petitioner was represented by court appointed attorney Mark Mordini (OSB#830660).

Petition has not previously applied for post-conviction relief pertaining to this case. The result of the previous post-conviction relief case was: The post-conviction court denied relief and dismissed the petition. Petitioner filed a post-conviction appeal and was represented by court appointed attorney James N. Varner. On August 13, 2010 the appellate judgment was issued based on the petitioner's own motion to dismiss the appeal.

c. Nature of proceeding: __ **NOTICE PURSUANT TO NOTICE PURSUANT TO CHURCH v. GLADDEN ERIN REYES, SUPERINTENDENT OF TRCI**

_____

    d. Did you receive an evidentiary hearing?

☐ Yes                     ☒ No

e. Result: The purpose of inquiring into appointed Attorney Joh Weiner. counsels inform the court at first opportunity of his attorney's failure to follow legitimate requests, and ask to have him replaced or instructed by the court to carry out petitioner's request. Id at 417 P. 2d 933, 244 ore. 308, 311-312' 919660.

_____
_____

    f. Date of result and citation or case number (if known):

_____

    g. Grounds raised:

_____
_____
_____

_____

_____

14.    Did you appeal the result of your state post-conviction case?

☒ Yes                              ☐ No

a. Name of court:

_____

_____

b. Docket or case number (if known): _____

c. Result:

_____

_____

d. Date of result and citation (if known): _____

e. Grounds raised:

_____

_____

_____

_____

_____

15.    Did you seek further review of the decision on appeal by a higher state court?

☒ Yes                              ☐ No

a. Name of court: _ **IN THE COURT OF APPEALS OF THE STATE OF OREGON**

_____

_____

b. Docket or case number (if known): _ **Case No. CV 05168**

_____

c. Result:

_____

_____

d. Date of result and citation (if known): _____

. **Grounds raised:**

**CLAIM 1**

**Doubt on the Fairness and Action Adequacy Admission of Bad Act Doubt on the Fairness and Action Adequacy Equality Entitlement and Bill of Right State ORS 131.215 (1) (a) (b) Prejudicial under OCC 103 (1)**

County Government Failure of **[SI – 710:]** Oregon Constitutions Bill of Right Provisions For[d] process xxx requires the same right for victim opportunity to face their violators and confront in Court of Law.

The Fundamental hold the beliefs of the factors that the Petitioner Simon C. Corona definable in terms of "Equality Entitlement" and "Prejudice Bigotry" by the Courts Presiding Judge Paul G. Crowley, and Governments and easiness part of individual members of the two **(2)** County Gilliam and Wheeler of Oregon invoked in "Prejudicial conduct." The Misconduct rendering judgment by the Government of Gilliam County and community including "Violation of Prejudiced and Bias of Ethnicity Profile Discrimination"; Cause the same action that was relating to the party of Daughter Evonne Gloria Corona and Father Simón Cowell. Corona. Cause the wrongful and unfairness and unjustifiable judgment. Substantial Cause unfairness and suffered by prejudice and Socially Equality of fairness and the standard rights of ethnicity of Mexican/ American Citizen.

**Due Process Denied Victim Prejudicial under OCC 103 (1) The** quest remains of fundamental errors is whether all the issues of "errors are reversible error"?... What is **Prejudicial under OCC 103 (1)** more likelihood that all the comprise issues of errors is reversible error and what is "Prejudicial cause affected the Verdict[.] Petitioner Simon C. Corona raise the issues was <u>"Not"</u> fairly presented of true information is fairly present and physically of certain evidence as attendance and denied freely given. "Equal Protection Clause". Courts Presiding Judge Paul G. Crowley, and Presiding Prosecutor Puttee **(1991)** of Gilliam County and the Sheriff department and Government, and Mayer Harrison and Presiding Prosecutor's and Asserted Attorney General **[2006]** and the tight-knit community cause a disturbing

position and strongly negative feeling and resentment "contempt hatred precipice." By the "Cause" of showing favoritism toward privileged in-group of privileged to **three (3)** young men of the community have given them leniency and expunge the three of none indictment was [Not] a fair herring for the victim Evonne Corona ore was awarded compensation. When there [W]as the proof beyond a reasonable doubt, that had displayed the probability of the influence based on the powerful people and close relationship that stimulate conduct of strong resentment that had caused *"improperly influenced prejudice".* Also, the trial Counsel Aaron *"knowing caused a violation",* and Presiding Judge Paul G. Crowley and the *"protector's team"* should have knowing or should have the knowledge of the juror who hold the possession as chairperson or foreperson was close related as family member with the Gilliam County Sheriff Department. *"Cause and Violate the fairness"* of "non-unanimous jury verdicts. The *"conflict of interest"* representing jury that discriminate in the selection "Cause" the violets the "Equal Protection Clause" by the *"proof of juror misconduct";* Counsel failed as well to dismiss the juror selection, when asked if any of them had *"Any connections"* to this case or persons involved therein? By mere omission caused "prejudice ore biases juries" when asked if anyone had "any connections". The right to an impartial jury can be demonstrate that the jury was biased. Violation both of the Six Amendment right to an impartial jury and Fourteenth Amendment *Taylor v, Louisiana 419 US>.522. 527 [1975]*

**Bill of Right Cause Exclusion of Evidence is Prejudicial. Color of Low" 'under ORS 133.220 (2) (6) (7)** County's Governments of episode past engorgement "Denied and Cause the Violation" for *"Honest Obeying of the Law and the 'Entitlement"* for the "Victim" Evonne G. Corona in another case, and the "Accused" father Simon C. Corona in the "trump-up charge" with an interaction in the same County's Court's and with the same County's Presiding Judge Paul G. Crowley also the "false none credibility of accusing party's". The violation of prejudicial and bias "Ethnicity Profile Discriminating Cause" are the same action repatriation to the "Daughter and Father". Gilliam County Or. "Cause" the action of "Abolish or extinguish the law enforcement rights" *"Under action in the Color of Low"* 'under **ORS 133.220 (2)** Sheriff's Department **(6)** investigators for the Criminal Justice Division of the District Attorney. **(7))** Investigators of the Criminal Justice Diversion of the Department of Justice of the State of Oregon. **(6)** and **(7)** none conferment's.

**Misconduct of Ethnicity Profile Discrimination Due Process Denied Victim Prejudicial under OCC 103 (1)**

The "Misconduct Violation of Prejudiced" and "Bias of Ethnicity Profile Discrimination". The egregious nature of the "Crime" and "Society's disdain for the violence's gang rap perpetrated against the victim Evonne Gloria Corona, in her case and this case and the *"Unjustified abuse of power "* by the "Government and Court of Gilliam and Wheeler Count Courts",  including Presiding Judge Paul G. Crowley which was <u>"Not"</u> or less then Competency with the State obliteration" of fallowing the "Constitutional rights" have being sufficiently capable of understanding the consequence of my daughter Evonne; "The crucial question should always remain at the center of any discussion process of failed senselessness and the failed socialization invoked in its Commission". When the prior history signally establishes the basically truth on what happen to my youngest daughter Evonne Gloria Corona a "Mexican-American" petite virgin girl, that just barely turn Fourteen years *(14)* old, Birth date *(7, 7, 1977),* when she was "Sexual gang rape and copulated brutal assaulted". On (8.18.1991). When the two of us "Father and Daughter" where living alone right after Her older sister Pamela Corona was just married. We were Livening In the home I just perches in Coundon Oregon.  We were trying painfully to cope in all the dealing with a sexual assault and "hate mail telling her to kill herself" and the threats and bulling in school and in the bulling by the community toward  my "Daughter Evonne" after being broadly  raped by the "Three (3) young men" Shown Puttee age nineteen (19), his "Uncle Prosecutor Puttee" during (1991), Ryan Harrison age seventeen (17) The Son of Mayer Harrison (1991) Robert Smith age sixteen (16) family Relative of Sheriff , " and his ante was the "Insurance Broke"; that had consoled my insurance, and others resentment connection in the community.  who were of "Political Connection with the Members of Privileged" and strong inter connection in that "Tight-net Community."   "Caused prejudice and biases posing danger" during My trial in the same Gilliam and Wheeler county court; When the Presiding Judge Paul G. Crowley, was hearing, and the knowledge of facts of the by my daughter Evonne, and after hearing the "Given testimony by Evonne that was very emotional and clearly had testified the facts of the brutal rape; During the Trial of Her father's allegation of alleged sexual assaulted of a miner".  As her father was facing the same.  Judge Paul Presiding G. Crowley.

**Violated the duty or Discretion to Arrest ORS 133. 140. (6) ORS162.415. (2) (6) (7)**

The context of challenges is to investigate the act of "Violation of Circumstances **(2)**" that the Sheriff of Gilliam County Oregon "Cause" the "Violated the duty of a reasonable arrest warrants" contain in the warrant to arrest and bring the three persons that are "Accused of abused and rapping with bodily harm" before the magistrate **ORS 133. 140. (6)** an officer has the duty to

obey that command. "Failure to perform the duty may subject the officer to criminal liability" **ORS162.415. (6)** Division of the" District Attorney Puttee" including "Presiding Judge Paul G. Crowley" investigators for the abused rapping and bodily harm.   **(7)** Investigators of the Criminal Justice Diversion of the Department of Justice of the State of Oregon.

<u>**Obstruction of Justice and Failed Bad-Act**</u>

Admission of "bad act" in the references above "Cause" "Daniel and Violation the Case of Doubt" is *<u>"Highly Prejudicial" and "Irrevocable"</u>* for the party of "Father Simón C. Corona and his daughter Evonne G. Corona" "Obstruction of Justice" including Presiding Judge Paul G. Crowley to the cries or exclamation  as County Government as the action of officials try to sweep allegation of the criminal conviction a virtual lock in terms of liability may foreclose damages as the reaper's subject to indemnification by the government. Which means any damages won't be paid or answered by the three **(3)** young men that have **"**Gang Rape and Copulation Sexual Assault", The rapist of a miner. And "no prison served and no equality judgment", which they rarely do, when privilege individually *"Obstruction of Justice" or "clean hands"* without "compensation or answering for their wrongdoings, ore imprisonment" and then" falsify by the court", "Only Lenience". The Admission of "bad act" in the reference above the "Denial and Ventilation" "Cause" and "Cast Doubt" and "Highly Prejudicial" and "Irrevocable" for the party of "Simón C. Corona and Evonne G. Corona". Fundamental hold beliefs the factor that the petitioner Simon C. Corona" definable in terms of "Equality Entitlement" and "Right of Equality Entitlement" and the right for "Due-Procedures" by the Courts of two **[2]** county's Wheeler and Gilliam and the community's government.

Summary of the facts

<u>**Judge Interception Criminal Punishment Denied Constitutional-Privilege.**</u>

The complaint of action against "Corruption" should cause the inquiring by the consoler Aaron, "State Government", "Cause" by the members and Prosecutor's the sheriff departments, The Mayer of the community of Gilliam, and Wheeler County Court reacts agents "Constitutional-Privilege." It's a matter of both law and logic. The fact or forgone conclusion of This Trial Judge Paul G. Crowley "Was Clearly" and "well acquainted ore should have the knowledge" of the "Gang Rape and Copulation Sexual Assault", by the Three (3) individuals' young men in the same community of Condon Oregon where "error was harmful and unjust to the victim of malaise and harmful rape had occurred to a miner."  by the judge that "bias predispose judgment and prejudice" giving the three "individual Linnaeus".

<u>"Without a fair trial attended by the victim a miner and parents;</u> Trial Judge Paul G. Crowley backwardness, irrefutable self-governing based on personnel contact with the three individuals and parties of governments.' "Cause" "Doubt on the Fairness and Action Adequacy" of the "Guaranty of Justification of Defense and Guaranty" by the "Failed Bad-Act".   Government dined and failure of "Bill of Rights" provisions for process and the requires the same right for victim. Evonne G. Corona claim by clear and convincing evidence that is critical that action in your power to grant relief because the Court of Gilliam and Wheeler Count and parties involved in the present of agents in the Contention of power and the "auction of prejudice", has field the "Right of Fairness." for Evonne G. Corona and father Simon C.  Corona. The claim by the act or omissions in an investigation or suggested. Equality Entitlement Fairness, Adequacy of Guaranty of Justification Defense *Mewers v. Killinger 998.Sup 844 E.D. Mich. [1997]* "Deprive defendant Corona" of "Fair trial and vitiates Due-process" .The presiding Judge Crowley cast doubt on "Fairness and adequacy" of  "Guaranty of fairness", in the middle of the trial the awareness of factor for the "Withdrew" or express of factor for the <u>*"Withdrew or to "express rejection or requisite to  recuse himself*</u> after recognize" Evonne G. Corona testimony assent to the introduction of an **"Violation of an Unethical"** responsibility and to avoid litigating reasonable support and warranted to remove oneself from the trial hearing.  There is a reasonable probability sufficient to undermine the confidence in the outcome result of the proceeding by Presiding Judge Paul G. Crowley after the same Judge had head the emotional testimony of the defended Simón C.  Corona daughter Evonne Corona, and how she was unjustifiably gang-rapper in the same County of Gallium and was not vindicated by the Government or Court Judge.

### Reported Documentation and Evidence
- Amy La Pre Wittiness Friend of Evonne G. Corona
-  Report to Gilliam County Sheriff Department.     [ 8.19 .1991]
- Delius Hospital DNA and Medical Examination.     [ 8 .19.1991]
  Gilliam County Prosecutor Puttee.                          [ 8.19. 1991]
- **NOTE: "Copies of letters, are available, and medical and DNA, Sheriff report a witness upon the request.**
- **Conversational Right of Fairness Violation OCC 103 (1) Prejudicial Under OCC 103 (1) Cause the collision complicity and covering up (251 Ore. ORS). APP. 266). (282 P. 3d. 408 Child sexual abuse 418. 747. (1) Moreover, ORS 418. 747 (3) (4) ... ORS 418. 747. (1) Conversational Right of Fairness Violation OCC 103 (1 Child sexual abuse Prejudicial Under OCC 103 (1).**

- **Timbs v. Indiana, 139 S. Ct.682,687. (2019)**
- **Bill of Right Protection. Sullivan v. Louisiana 503 U.S. 275, 281 (1993).**
- **The Sixth Amendment. ORS 138. 620 (2); ORS 138. 330 (i) (a).**
- **Strickland v. Washington 104 S. C+.2052, 466u.s 668. 80 L. Ed.2d 674 91984). Long v. State, 130 Ore. App.198, 880 P2d (1994).**
- **Denied of the Constitutional Right of the U.S. 5th Amendment State ORS 131.215 (I) (a) (b)**
  **State v Rathbun 287 or 421.432 433,600 P2d 392 [1979]**
  **Oregon Former jeopardy Provision ORS 131,535 and Article I. &12of Oregon Causation**

The Consolation to the victim Evonne Gloria Corona; When there are "Sufficient and Available Evidence of the Documents declamation", that the "Crime and damage had acquired". By the Prosecutor Attorney Puttee [1991] of Gilliam County that the Uncle Shown Puttee age nineteen (18  Mayer Harrison **(1991),** Gilliam County' his Son Ryan Harrison age seventeen (17) Robert Smith age sixteen (16) Relative of Sheriff, young man having ties with the "Sheriff department" and his ante was the "Insurance Broke"; and others resentment connection in the community. The date and age with the evidence of sexual gang raping of my daughter are classified by the Delius Hospital Examination and the crime of rape was reported to the Sheriff office of Gilliam County of Oregon. I truly believe that the Presiding Judge Paul G. Crowley, "Judge's Impaired Fairness and Impartiality" was and are issue as applied of violations "Cause" prejudiced and bias to word "Ethnicity and Profile discrimination". Invoke in "Prejudicial conduct" and definable interments of - "Equality Entitlement" and to ensure that trial jury reach trust worthy verdicts, without jury misconduct.

**Due Process Dunned Viacom Government failure of [SI-710:] Oregon Constantias Bill of Right Provisions for due Process xxx requires the same Right for victim opportunity to face their violators and confront in Court of Law.**

Based on the ceremonial reported of the "Crime of gang rape and brutal copulation sexual assault of a miner and to force and sequester a miner", that was reported to the Sheriff of Gilliam Count and documented in at the Delius Hospital and DNA with medical examination.  That was not presided by misappropriate of the law that **"Cause the collision complicity to suppression and complicity and covering up"** a scandal opprobrium and disgrace of one's fellows associate.

**"Cause Negligent"** "abstraction act that is forbidden by the State and Federal Government". Prosecution "Refused to represent and charge the three young men that copulation abused and sexual rap of a heinous and devoid of

decency crime". With "No prosecution", "Deprived of fair warrant" "Crime Consolation" for the victim Evonne G. Corona When there *"ARE"* "Sufficient Available Evidence and Documents of Deviation." and in sexual behavior "Knowing ore Should have the Knowledge" [Cause] the "Violet of the "Rights of Fair Hearing" And of "Due-Processes" for Her and her father. Rise the issues of the errors uncommon "Equality entitlement" Mandated Investigation Protocols, "Cause" Were not followed. (251 Ore. APP. 266). (282 P. 3d. 408 Child sexual abuse, the victim with prosecutor counsel to make a meaningful case agent the victim victors and prosecute to the full extent of magnitude allowed and compensation, to offer evidence of physical injury and mental state involving such things of displeasure feelings discontented.

   This statue, provide that the Oregon Department of Justice administers a program community-based system for responding to allegations of child abuse, thus statutes further require that, at the Count level, each district attorney "must" develop a team that includes, among other, "law enforcement personnel...[and] school officials... as well as others specially trained in child abuse, sexual abuse and rape of children investigations. ORS 418. 747. (1) Moreover, ORS 418. 747 (3) (4).   Conversational Right of Fairness Violation OCC 103 (1) Prejudicial Under OCC 103 (1) The questionable remains of "Fundamental Errors" is whether all the issues of error's are "reversible errors" what is prejudicial under OCC 103 (1) more likelihood that all the comprise issues of error is and what is prejudicial cause affected the verdict [.]

**Government Denied Equality Entitlement of Exclusion of Evidence and Prosecution is Prejudicial**

[1] Corona is pursuing the "Constitutions Rights of Fairness Guaranty" for "Due-process" and "Equality of Fairness" and the "Standard of Delinquency of a Minor" based upon his daughter Evonne Corona.

[2] The Trial Judge Paul G. Crowley" Dined Fairness", the "Cause" of "Improper Standard" of "Constitution Right of fairness guaranty" for "Due-process".

[3] During the trial of Mr. Corona; the same Trial Judge Paul G. Crowley hearing the emotional testimony of Evonne. Corona, testified clearly about the sadistic and merciless gang rape sexual assault by three young men that are related and linked in the community of Condon, Gilliam County. And Citizens.

[4] Trial Judge Paul G. Crowley in part with the County's Government knowing ore should have the knowledge to change the direction in Simon Corona trial "immediate", without delay, as now the result determines the issue of "Disrespect and Pow" the Trial Judge Paul G. Crowley allowed the three young men abused of

forceful rape of a miner" Charge", and "should have been brought to trial" and "protected". That was reported to the County Sheriff to be charge with "Gang Rape of a Minor" <u>and was given "leniency without a trial "</u>and "Due- process" and the victim never had "Due-process" on her behalf. "Government Denied Equality Entitlement".

[5] The Trial Judge Paul G. Crowley <u>"denied the right for change of venue"</u> to allowed a reasonable probability that the result of the proclivity that the result of the proceeding would have been different.

  **Three-Pronged Test Established** ineffective assistance of Counsel pierce requires to prove that **(1)** the underlying clam has arguably merit. **(2)** no reasonable basis existed for council's action or failure to action .and **(3)** The petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there was a reasonable probability that the result of the proclivity that the result of the proceeding would have been different.

  **"Cause"** the question has any reasonable relevance to the "venireman's qualification of judge and juror or possible" **(1)** "Prejudices of prospective juror's" when the "jurors the subject of related kindred to the Sheriff" and being the foreperson in a trial "Cause" **(2)** for racial on the ground of "Bias against involved right for due-process". "Not only one but other issues". **(3)** Especially having the knowledge that there was a **Prejudicial Under OCC 103 (1)**

(Pivotal issue is whether jurors have such fixed opinions that they cannot judge defendants note guilt impartially). On event of dispensing of justices where "Bias Prejudice" would "Merit an unfair result error the probability reasonable" that the result of the proceeding would have been different. *Tombs v. Indiana, 139 S. Ct.682,687. (2019)* Bill of Right Protection. The Two County Court's and local government profoundly influenced by "Systemic racism" and White privilege" reflect legal reasoning rationalism and "Neutral principles of Constitution law" faces important racial issues in need of solutions.

Claim 2

**Sullivan v. Louisiana 503 U.S. 275, 281 (1993). The Sixth Amendment Equality Entitlement Fairness, Adequacy of Guaranty of Justification Defense Failure to Attack Indictment Gilliam and Wheeler County** the Trial Counselor Aaron failed in major omission of the reasonable possible act of "Prejudices" by the "Governments party". Cause the Jury submitted failure to attack indictment on former *jeopardy grounds*, because alleged offenses. Jury sequester is "basic protection'" without which a criminal proceeding "cannot reliably serve its

function. *Sullivan v. Louisiana 503 U.S. 275, 281 (1993).* The Sixth Amendment thus secures a "Fundamental" right, which applies against the State and has justice and for assuring that fair trials are provided for all defendants".

**Claim 3**

**Concealer Effectively Assistance Sentencing "Sixth and Fourteenth Amendments to the United States and Article I, Section 11". of the Constitution of Oregon. Denial of privilege in the choice or the discussion to taking the stand ORS 138.  620 (2); ORS 138. 330 (i) (a   Denied of the Constitutional Right of the U.S. 5th Amendment.**

To the best of my knowledge and belief I was denied adequate and effective assistance of counsel under the "Sixth and Fourteenth Amendments to the United States and Article I, Section 11". of the Constitution of Oregon. Trial counsel field to provide legal advice before the trial preparation and advices and assistant or preparation in order to be required to tack the stand or even ask if I chorused to. and services which met the minimum standard required legal*, but is not limited to the fowling specific allegation.*

**Counsel Aaron** Demanded to take the stand in which Clint Corona tended to affect the integral innocent to insured the adequate of privilege in the discussion of choice in willing to take the stand. Counsel   Aaron "Cause" the effect results by "Denial of privilege in the choice or the discussion to taking the stand". Counsel had "Demanded to take the stand" without "No" previous  prepared advise and with "denial of exercises reasonable way or skill and judgment" in the actions to be prepared with technical informed in the valuable way and assistance in an "Per-proceeding testimonial" Counsel had also "denial of the privilege" of an elders counsel of supervise donation of counseling by not to take the stand by "Two elder brothers", perfectly coalified retired government officials.  Counsel had interruption the sensation conceals of wisdom consensual words act of administrators to their younger brother. Counselor ease- dropping and interrupted and in setting *"giving the order to take the stand".* Counseling brother's advice in setting "Not" too take the stand. The Counselor Aaron over ruled and I was *"Denied my Rights"* of the "U.S. 5th. Amendment" of the wrongly "Ordered client; not Advice", by not to take the stand. Concealer demanded that the jury would not believe you so your tacking the stand. Concealer Aaron assistance failed to diligently and conscientiously advance defense regard the advice or request for defense to the reasonable probability that the proceeding would have been different. **ORS 138.  620 (2); ORS 138. 330 (i) (a***). Strickland v. Washington 104 S. C+.2052, 466u.s 668. 80 L. Ed.2d 674 91984).  Long v. State, 130 Ore. App.198, 880*

*P2d (1994).*   Denied of the Constitutional Right of the U.S. 5th Amendment. Considered a false accuser to face the punishment would have to suffer by false accusations resulted in a conviction.  To who a completely different in a conviction to what a completely different Corona, fair and equitable justice secrete unjust act of none ore was "Denied Equal Protection Clause" In which Clint Corona had a tendency to affect the integral innocent to insured the adequate of privilege in the discussion of choice in "Not" willing to take the stand. Counsel cause the effect result by advice or request for defense to the reasonable probability that the proceeding would have been different

> **Judicial Code of Conduct Justifiable Argument Neutral principles of Constitution law**

The factual allegation made that as a defendant believe counsel Bryon Aaron may have committed numerous ethical violations and /or that he has performed in a manner that constitute a basis for *"Post-Conviction Relief"* alleging;

1. Counsel failed to keep me reasonably informed.
2. Counsel failed to explain or make clear matter.
3. Counsel failed to collect evidence.
4. Counsel failed to communicate with fiends and other family members.
5. Counsel failed to explanations of alleging violation.
6. Counsel failed to communicate in court about denial of Maranda Rights.

[7] Counsel responsibility and His method have under discussion and negative an investigation for the *"Reserve the Right"* for the *"Change of Venue"* and the *"Guaranty Entitlement if Right"* for the United State Constitutions.

[8]  Counsel *"Major Omissions"* in the course of "reasonable and earnestly request" in the *"Per- Trial Interview",* for an investigation to the reference of the passable act of *"Prejudice and Unfairness"* of  more than likely then notwithstanding in an particular manners of addressing, to seek the application of a "fairness and guaranty the all right" by proper standards and conduct away from the" Presiding Trial Party" and of the true conflicting conduct and resentment of the "members of the community's in Gilliam and wheeler County's" and the *"County's Governments Highly Prejudiced"* and irrevocable revenge objection toward the family members action to remove forewords of  "exile or banishment from the two [2] Counties".   Refuting to the party of attack on "Simón Corona and Daughter Evonne Corona."

[9] Counsel failed to communicate in the cause of misconduct in interrogations during force interrogation *by Sheriff Ross* of Wheeler County, the denial of Maranda Rights was not given and denied an when asked for a lawyer. When

sheriff Ross threaten voice toward me with violence, his hand on his holstered gun, if I did not out of the doorway of my jewelry studio, had violate my connotational rights to due process. This issue was mention in court by me when I had to take the stand. This is not the first time that I had encounter with my right s violated.

Claim 4

Enigmatic Time line Government Denied of Equality Entitlement

Subjects of Compliant for Inquiry Action   Exhibit [4.ABC 10 318 OD 318 RD [318] 131.215. (1) (a) (b) and "Right of Equality".  enigmatic time line Exhibit it [4.ABC 10 318 OD 318 RD [318]. criminal score dates [1987 via 2023]

 [1] Exhibit Real estate document and condition of bond. [ 200-2006]

 [4] Criminal score dates [1987 via 2023]

[1] Government eviction the enigmatic time line Exhibit [4.ABC 10 318 OD 318 RD [318] State exhibit's cause the specific's established time-line to introduces alleged victim Alexandra Roberts history of the frame from **[1993 via. 2001].** The criminal score dates **[1987 via 2023]** Cause the objection of the time line of State's "exhaustion enigmatic exhibit's "that is fabricated and enfilade by the Prosecutor's imagination by the victim's Mother Denice Rickard and Daughter assent by others in act of "collaboration or collusion". Trial Counsel Exorcising reasonable probability and reasonable skill and judgment would have objected to the above flayed and omission effected the outcome of the proceeding. Prosecutor designed the "Time-Line" from [ **1993 via 2001] and [1987 via 2023]** the "Erred" preconceived before and beyond which the alleged crimes and cause to deprive of the element of deference and designed special to fall in the time frame "allowed for Measure 11".

[2] Document evidence of eviction by the "Sheriff Ross of Wheeler County "of a force eviction without "Merit, of Simon Corona from his home at 600.7[th] Street Fossil Oregon. **[November 24,1999].** Soon after December was notwithstanding the time frame of claimed of crime line of [**1993 via. 2001]** document that Simon Corona was not the innumerable in the town, or County or State of allegation of time lamed **by Exhibits (1) Real estate document and condition of bond. [ 200-2006] Not livening in seat time or array. Document will be mailed along with the others important letters.**

[3]   Corona objection of the time line of Prosecutors sate exhaustion enigmatic exhibit's is fabricated and enfilade by the prosecutor's imagination by the victim's Mother and Daughter, assent by others in act of the projected exhibit's was preconceived as the Court introduces case to prospect juror's an the "jury vole

dire". The exhibit page's remodel turned facing out to "expedite time and none exciting forensic evidence". Course of distrust. Phlegmatic to the juror's for opening and closing arguments.

**[4]** State demonstrative enigmatic accumulation time line of event's so totally without able not to prove especially when the defendant was unable to have the ability of action or prove theoretically the truth of the time line of allegation accused.

**[5] [Tr.319-320]** Counsel objection as being evidence received as **three [3]** State witness and including the alleged victim, *Alexandra Roberts* and *Mother Denice Rickard* also *Jonah Rickard Stepmother* already gave testimony. Theoretically the "established exhibit time line" was to tell the State witness and the   juror's what already had given their testimony's.

**[6] [Tr. 659.699]** Counsel cites, Alleged victim *Alexandra Roberts* had remembered grade's and her teacher's name's, her houses she lived in, remember exactly when that happen, without the assistance of some fancy prosecutor chart.

**[7]**   Counsels representation measured against "Prevailing Professional" fell below an object's standard of reasonableness and second, that the deficient performance prejudiced the deference.

**[8]** Foundation by reasons of which something else happens that cause full and unjustifiable judgment skewed the "'Right of Equality Entitlement" and "Fairness" in regardless of:" *Race and Ethnicity"* and the "Due-process "entitlement come to be ethnicity inappropriate or unseasonable **OR. 131.215. (1) (a) (b)** and "Right of Equality".

**[9]** Fairness in regardless of *"Race and Ethnicity"* and to value deceiver permutation and despite that to velum device persecution and despite that the factor of vellum relations and self-worth esteem and respect of one social worth.

**[10]** Not only just one petition trial court; Cause the effect and motive in "Two **[2]** "warrant, the basis of violated defiance of County Governments authority in two Counties of Oregon. The Governments and other in the **two [2]** "County's cause wrongful and unjustifiable judgment and no physical evidence presented to convict", there were just "*inconsistent statement* by supposed eye witnesses". "Socially Equality for Fairness**"** and the consciously or intentionally for indicted in response to realization or cause "vengeance and inaudibly cover up.   **(1)** The jury did      "Not" see any *"Physical evidence"* linking to a crime. **(2)** The trial courts "Mechanistic application" of the "Oregon rules of Evidence", "Cause denied" the Federal Constitutional right to present a defense.

### Claim 5
### Unclassified Element of Defense and Concerning Conduct
### Forfeiture by Wong-doing of Bad Act Family-Violence Crime
### *Moore v, Knight. 368 F. 3d 936 7th Cir. (2004)*

Government Party conduct and action have more than likely altered the outcome with the elements of dishonesty and signification prejudicial irregularity, the result and the significant dishonesty of perjury play the determination and outcome of the "Leading Heresy "and "bad act "violated by none evidence. Counsel Aaron also failed to object or suppress statements made by "Christopher Roberts and Benjamin Roberts" as irrelevant to current case of "Sexual abuse" as their statements were "Prejudicial to Corona defendant" and mislead the jury by emotional distress of a non-victim or complainant in this case.

### Family- None Violence Crime Statement

I was "Not "charged with "Family-Violence Crime"; Objections on the alleged "Child abuse crime". Almost six-pulse years had passed and nine years that Christopher Roberts Was on his own and not living in the home. He played sports and work with little interest in his grades when he moved to his Uncle Rickard that was paying for his collage, he was sent back home to his mother house in Condon Or. For using drugs and disobedience. he came home with an anger attitude and very diffidence. Christopher Roberts Uncle, Mr. Rickard and I had talked about the important grade and study it would take, and sports was not an option if he could not keep up with studies for the need for collage. I truly believe his grade was over looked in a small town where sports were a priority.

The prosecutor attempted to used witness against me in court and lies of child abuse or family violence. The younger brother Benjamin Roberts testified in the manner in which I had treated them when they lived in the home by verbally and physically abused the family **(Tr 327, 341)** including the alleged victim was present **(Tr 331-32).** The younger brother Benjamin stated that I would become very upset and call the boys" worthless." **(Tr.392)** that I smacked him in the back of the head, **(Tr.394)** He testified to an altercation that "slammed his head into the sidewalk". Ruby Wain the next store in Fossil Or. testified she did not hear or see cruelty of the sort.

**Please Note:** IN the court room *"Benjamin Roberts" made the movement to pointed to a fresh abrasion head wound above his eye. "After six plus years?"* The evidence that was not ever Admissibility Moore v, Knight. 368 F. 3d 936 7th Cir. **(2004)**

The testimony that I seemed to control their mother. **(Tr. 402)** that was not so, the mother Denice Rickard **Exhibit** had her home in Condon Or. and freedom to do her wish at all time to move and never under dourest, even when I was working out state or town she made a point to visit me and all-ways have a skim to ask for money and to help her out with a house or car repair, clothing for the children or and the promos she would stop using drugs, and would be loyalty to me only and no other men.  She and her three children moved in on my daughters *Evonne and Pamela* when we lived on a ranch in Mayville Or. She came during Sabrina my daughter Mather Margareta was there and she can testify how she was willing to move in with her other daughter Jammie, until Denice crying sad story of not having a place to live at that time.   Before Pamela was marred. I was ten years older and very venerable with depression and physical disabilities responsibility of raising my two young daughters and making a living, when she had reknitted thee different houses and could not support and maintaining,  also a another time Denice, she asked to move into one of my home after Evonne was sent to California so to not be threaten or harassed, and pout her name on the electrical and water bills so to resaved wall fair sapote. Denice and I had several in and out relationships where I would be trying to be stable and she would creep in back always telling how much she need my and how she loves and cared for me.

Counsel Aaron had "not cross-examined" Denice Rickard due to her methamphetamine intoxication.  She could not sleep for days at a time-consuming methamphetamine and intense intoxicant with alcohol and smoking marijuana and cigarettes, and in the response to calling of the porpoise mirage; She had a motive to retaliate after she was inedited for the crime of sealing in Wheeler and Gilliam County and making methamphetamine in the home we had singed together on the purchases of house contract.  Denice Rickard also had a house in Coundon Or. That was in repossession due to unpaid back taxes. That I had help her purchase the house and remolded and repair and paid for the material.

All this accrued after I was falsely accused and wrongly vacated out of ore home in Fossil Or. on November 24.1999. She has asked to have her name on the deed since there was a planned to be marred the following spring. Also, I owned a norther house in fossil Or. That was used for a Jeweler studio and the home in Condon Or. The one my daughter Evonne and I lived in.

Counsel Aaron also failed to object or suppression on the witness statements without "Cross-examination"; He has forfeited my right to object to the none admissibility of none evidence or statement based on the nu-admissibility of evidence or statement as based on the lie without facts only for

"simplistic jury emotion" like I was unavailability of wrongdoing that I "engaged-in wrongful conduct" "Clear error". This is a case where prosecution have "No" evidence that caused the witness to show in court, and the state is claiming that the defendants I, Corona description that appellant improperly influenced the witness biased on speculation" "to redirection or attenuated to satisfy the causation requirement" of the "forfeiture-by-indoctrination" to allow the confrontation clause. *Moore v, Knight. 368 F. 3d 936 7th Cir. (2004)* Counsel encounter information suggesting further investigation, exercise due-diligence.

## Claim 6

**Denial of privilege to Grant Chang of Venue caused Denial of Privilege Sufficient Place to Grant Chang of Venue Denial of privilege in the choice.**
Judicial Code of Conduct Failure to File Meaningful Pretrial Motion Change of Venue Entitlement- Constitutional Right Denied Fourteenth Amendment due process clause Eighth Amendment Law of Oregon and US.
Protection of for Chang of Venue 131.363 "Rule 2.5"
Prejudicial under OCC 103 (1) Rule (3)
Constitutions Denied Equal Provisions Under ORS 131.305 to 131.415
ORS 418. 747. (1) ORS 418. 747 (3) (4) (251 Ore. APP. 266). (282 P. 3d. 408
ORS 418. 747 (3) (4) (251 Ore. APP. 266). (282 P. 3d. 408 Or 135, 805 (2)
(251 Ore. APP. 266). (282 P. 3d. 408 ORS 418. 747. (1).
Or 135, 805 (2) "proposed CODE. Supra, 321. Commentary at 185.
Compression of Trial Procedure, 131.355 Ruling 1973 (836 & 359)

Fundamental Equality Entitlement hold the "beliefs" of the factors that Corona definable in terms of "Equality Entitlement" by the Court and Government and easiest part of individual members of two County of Gilliam and Wheeler Oregon invoked in "Prejudicial conduct". The quest remains of fundamental error is whether all the issues of errors is reversible error. What is "Prejudicial under OCC 103 (1) more likelihood that all the comprise issues of errs is reversible error and what is prejudicial causes effected the "Verdict". Judicial Code of Conduct "Failure to File Meaningful Pretrial Motion Change of Venue". The impairment of impartiality and fairness of the Trial Judge Cowley was at "Issue prior to trial" and "Prejudicial factors were involved and apparent".

I truly believed that the judge's impaired fairness and impartiality was at issue as "Prejudicial in Accordance" with Rule (3) of the "Judicial Code of Conduct". Glorious appropriate. movement "Cause" an improper and conflicting act that has alleviate to be substantially merit. I also believed that due to the prejudice and harassment in the local community against my family and a "fair

and impartial jury trial" would not be possible as the Court Trial Judge  is also part that same community .The first  retained Counsel argued a "change of venue", but the court appointed trial Counselor Aaron  "did not assert the prejudicial and impairment" side in court even after the Trial  Presiding Judge Paul G. Crowley is credit for  "mentioned it several times in court during a hearing". This "lack of assertiveness" has "cause prejudiced" and I was not able to have a "Constitutional fair and impartial jury trial" impaneled within either of these two "Counties of Gilliam or Wheeler". Counsel Aaron *"failed and refused to challenge"* the "Motion for a change of venue" based on the mood of the overwhelming township people's mood and prejudicial in the Court of Gilliam and Wheeler County, "Cause by" the setting. "Under Oregon Statute" That defendant is entitled to have a "Fair and Impartial jury trial" as part of "Due process and equal protection of the law" and as also provide under the provisions of both "State and Federal Constitutions "fairness.

      **"Justifiable Argument"** The Two County Court's and local government profoundly influenced by "Systemic racism" and White privilege" reflect legal reasoning rationalism and "Neutral principles of Constitution law" faces important racial issues in need of solutions.

      Counsel Aaron failed and refused to challenge the "Motion for a change of venue" based on the mood of the overwhelming township people's mood and prejudicial in the Court of Gallium and Wheeler County, "Cause by" the setting. "Under Oregon Statute" County, "Cause by" the setting. "Under Oregon Statute" That defendant is entitled to have a "Fair and Impartial jury trial" as part of "Due process and equal protection of the law" and as also provide under the provisions of both "State and Federal Constitutions "fairness.  That defendant is entitled to have a "Fair and Impartial jury trial" as part of "Due process and equal protection of the law" and as also provide under the provisions of both "State and Federal Constitutions "fairness in regardless of race and ethnicity and the value deceiver population and despite that factor of value relations are self-worth esteem and respect of one's social worth'... The provisions under ORS 131.305 to 131.415 provide the relevance for the request due to the numerous hateful threats against me and my daughter in Fossil and Condon, Oregon. Counsel Aaron *"failed and refused to challenge"* the "Motion for a change of venue" based on the mood of the overwhelming township people's mood and prejudicial in the Court of Gilliam and Wheeler County, "Cause by" the setting. "Under Oregon Statute" That defendant is entitled to have a "Fair and Impartial jury trial" as part of "Due

process and equal protection of the law" and as also provide under the provisions of both "State and Federal Constitutions "fairness.

### Change of Venue" and the "Guaranty Entitlement

[1] Based on the previous Attorney's used at pretrial investigation by a privet investigator assigned to find the facts, that reviled the finding of a fair and impartial jury would be next to impossible to select from this township are "Minimum at best. When the instigator was just walking through the towns' peoples would come up to him that had biases and negative notation representation of both parties that are involved. "Passing judgments without true facets".

[2] Based on the request by my daughters <u>Sabrina Corona Lackey and Evonne Corona</u> and myself in the present of the counselor assentient in my home in Eatonville Washington and the given explanations of why it would not be a fair trial in the two counties that was clearly explained and requested with the believing the request would be upheld. Also, <u>Pamela Corona Black</u> was ready to give her statement of why the change of venue was very importin, having the knowledge of what it was to live and attended. school and how it was the interferons of Denice Rickard and three children moved in on us in the May vial farm house and how we all tried to be a family.

[3] Counsel Aaron responsibility and His method have under discussion and negative an investigation for the *"Reserve the Right for the "Change of Venue"* and the "Guaranty Entitlement if Right for the United State Constitutions."

[4] Counsel "Major Omissions" Course in the reasonable and earnestly request in the "Per- Trial" interview, for an investigation to the reference of the passable act of prejudice and unfairness of the  more the like the notwithstanding in an particular manners of addressing to seek the application of a fairness and guaranty the all right by proper standards and conduct away from the" Presiding Trial Party" and of the true conflicting conduct and resentment of the members of the community's in Gilliam and wheeler County's and the County's Governments "Highly Prejudiced" and irrevocable revenge objection toward the two party remove forewords act of  "exile Counties" and the abashed from two the County's Refuting to the party of attack on "Simón C. Corona and daughter Evonne G. Corona." Judicial Code of Conduct Failure to File Meaningful Pretrial Motion Change of Venue Right of a Fair Hearing" the "Motion act of change of Venue".

### Judicial Code of Conduct Failure to File Meaningful Pretrial Motion Questionable Security Or 135, 805 (2) "proposed CODE. Supra, 321. Commentary at 185Change of Venue "Prejudicial under OCC 103 (1) Rule (3)"

Fundamental Equality Entitlement hold the "beliefs" of the factors that Corona definable in terms of "Equality Entitlement" by the "Court and Government" and easiest part of individual members of two County of Gilliam and Wheeler Oregon invoked in "Prejudicial conduct". The "quest remain so fundamental error is whether all the issues of errors are reversible error". What is "Prejudicial under OCC 103 (1) Rule (3)" more likelihood that all the comprise issues of errs is reversible error and what is prejudicial causes effected the "Verdict".

The impairment of impartiality and fairness of the Trial Presiding Judge Paul G. Crowley was at <u>"Issue prior to trial"</u> and "Prejudicial factors were involved and apparent". I truly believed that the judge's "impaired fairness and impartiality was at issue" as "Prejudicial in Accordance" with Rule (3) of the "Judicial Code of Conduct". Government "Cause" an improper and conflicting act that has alleviate to be substantially meritorious appropriate.  "Grant Chang of Venue" Sufficient Place to "Grant Chang of Venue Denial of privilege in the choice "of "Change of Venue Entitlement to File Meaningful Pretrial Motion". Change of Venue "Failure to File Meaningful Pretrial Motions", Judicial Code of Conduct (3) The "Nuance of what is right about Unconstitutional fashion".

I also believed that due to the "prejudice and harassment in the local community" against my family and a "Fair and Impartial Jury Trial" would not be possible as the Court Trial Judge Paul G. Crowley is also part that same community. The first retained Counsel Aaron argued a "change of venue", but the court appointed trial Counselor did not assert the "Prejudicial and the impairment" in court even after the trial judge *"mentioned it several times in court during a hearing".* This lack of" assertiveness has cause prejudiced", and I was not able to have a "Constitutional fair and Impartial jury trial "that impaneled within either of these two Counties of Gilliam or Wheeler. The **"***Fundamental Equality Entitlement"* hold the "beliefs" of the factors that Corona definable in terms of *"Equality Entitlement"* by the Court and Government and easiest part of individual members of two County of Gilliam and Wheeler Oregon invoked in *"Prejudicial conduct".* The quest remains of fundamental error is whether all the issues of errors is reversible error. What is "Prejudicial under OCC 103 (1) more likelihood that all the comprise issues of errs is reversible error and what is prejudicial causes effected the "Verdict". Judicial Code of Conduct Failure to File Meaningful Pretrial Motion. Change of Venue. Questionable Security Or 135, 805 (2) "proposed CODE. Supra, 321. Commentary at 185 There is a reasonable probability that is sufficient to undermine confidence in the outcome result of the proceeding trial that Trial Judge Paul G.

Crowley is biased against the defendant of the proceeding would have been different if the "Grant Chang of Venue" under *Tumey v. Ohio 273 US. 530-71 L-Ed 749 sct 437 (1927)* Cause was a Judge Cowley who was Not impartial. *Nevers v. Killinger 990 Sup. 844 ED Mich. (1997)* Cause Judge showing bias toward privileged. material Nov-Excursive evidence. (251 Ore. APP. 266). (282 P. 3d. 408 Child sexual abuse children investigations. ORS 418. 747. (1) Moreover, ORS 418. 747 (3) (4). "Biased Judge, Or Juror": When trial or sentencing judge or juror is biased against the defendant: "The Fourteenth Amendment due process clause requirement" of an impartial and disinterested tributary is violated and reversal is required. *Arizona v. Fulminate 499 U.S. 279 (1991):* Trial in prejudicial atmosphere: *Sheppard v. Maxwell.384 U.S. 333 (1966)* and or *"questionable security"* precautions, see, *Holbrook v. Flynn 475 U.S. 560 (1986)* my make the trial `process "inherently unfair and violate due process of low", prejudicial trial atmosphere violated the "Sixth Amendment right to an impartial jury". copy material as disclose or 135, 805 (2) "proposed CODE. *Supra, 321. Commentary at 185.* "Amendment right to an impartial jury". copy material as disclose or 135, 805 (2) "proposed CODE. Supra, 321. Commentary at 185 to Grant Chang of Venue "Cause by" the setting. "Under Oregon Statute" That defendant is entitled to have a "Fair and Impartial jury trial" as part of "Due process and equal protection of the law" and as also provide under the provisions of both "State and Federal Constitutions "fairness.

### Cause the Refusal To grant a Change of Venue

Trial Judge Paul G. Crowley cause unfair or erred in refusal to grant the "Chung of Venue 'where Prejudice pretrial publicity and inflamed community atmosphere was cause of deprived defendant and family of a fair trial and have "violates due-process." "Cause" By the Trial Judge "Unfair" had refusal to a "Chang of Venue" and *"Should have Dismissed himself"* By showing favor toward privileged young men members of the community of a crime of "Gang Rapping" the daughter of the deficient Corona have a "Unfair Trial" and have "Violates due-process". And *"Denied Equal Justas".* Under the law. As presiding action, *Improper by the Law of Oregon and US. Constitutions Informally or Ideas".* The *"Lack of Action".* The scope of supervisory government-prosecutors not following the laws completely different from fair and equitable justice system for liability cause a deliberate indifference claims under the "Eighth Amendment" has been clearly established, the actions "violated the Institution".  During and prier trial The Presiding Judge" Cause the Refusal" to grant a "Change of Venue" before or after the "Awareness" of factor for withdraw or abjure. Should have comprehend specified circumstances of procedural claim of defaulted of errors of Merits for

relevant "Due-process" and the procedural contests should have been considered "Fairly presented".

**Trial Judge Unconstitutionality Violated Change of Venue Right of a Fair Hearing**

[1] Trial Judge improper standard of *"Constitution Right of Fairness grandaunt"* for "Due- process".

[2] The *"Motion to Transfer"* declaration of publicity mood and prejudicial pretrial publicity and influenced community attitude and atmosphere concerning an elderly Hispanic man and an *alleged young white race girl.*

[3] Raising "Ethical concerns there currently exists for standards", established prejudice demonstration by the prior history defendant and his daughter, failure for a meaningful "Constitution Right" for "Due-process". Conflicts set forth in the Constitution of the United States and "Right of Equality Entitlement". Right of a Fair Hearing

[4] Conflicts set forth in the Constitution of the United States and "Right of Equality Entitlement". "Right of a Fair Hearing"

[5] Trial Judge "Actual Bias", Have the knowledge or should have known of the juror hold as "Chairperson is related as cousin with the County Sheriff. Failure to strike juror who apparently relate to the Prosecutors team.

[6] Presiding Trial Judge "Cause" Procedural rules "Comprehension" Trial Procedural in the "Change of Venue".

[7] Trial Judge improper standard "Constitution Right of Fairness" grenadine for "Due-process". Deprive by the Government the entitlement for the right of "Equality Standard". Cause the violated judgment of fairness "Ethnicity" inappropriate "Profiled Fairness".

[8] Trial Judge Failure to raising "Ethical" concerns there currently exists for standards, established "Prejudice Demonstration" by the prior history defendant Corona and along with his daughter Evonne G. Corona furniture for meaningful "Constitution right for Due-process" in their behalf.

**Summary of Justification of Chang of Venue**

Trial Judge "Dined" the *"Justification_Cause_defense"* of the Plea request by diffident Simon Corona for an "Change of Venue" that the potential possibility of the hearing other than two County Wheeler and Gilliam, Courts would have been different. [Tr 7-9] Attorney's investigator had reported 'ether in being in the side walk or other places in Fossil or Condon that people were coming up to the investigator immediately talking with him', with opponent ideas and the scene of the people that was involved with in the public mood was menace speaking. As trial advocacy required to try case in other then their local wear Prosecutor,

Sheriff, Government of Coundon Gilliam County and Fossil Wheeler County members of community, "Cause" the "Violate the Right of "Due-presses". The "Sufficient evidence of Profile Invidiously Skewed Judgment". Of "Prejudice and Bigotry Judgment" formed judgment before acquaintance with the facts in an advance or influence by other members of a tight-knit community "Cause" menace and violate the "Right of a Fair Hearing". Protection of for Chang of Venue 131.363 "Rule 2.5" Compression of Trial Procedure, 131.355 Ruling 1973 (836 & 359) Impart trial. During the trial the "Presiding Trial Judge Cause" the refusal to "Grant a Change of Venue" awareness of factor for "Withdraw or Abjure", should have comprehend specified circumstances of procedural claim of "Defaulted of Errors of Merits" for relevant due-process and the procedural contexts should have been considered "Fairly Presented". *Newers v. Killinger 999 F. Supp 844 [E.D. Mich. (1997) 1958] c 664 & 5: repealed 131.370 [1973] c 836.358.* As Trial Advocacy required to try case in other then their location; When there are "Sufficient available Evidence and Documents of Declarations", knowing or have the knowledge violet the rights of a "Fair hearing or Due presses". Sufficient palace to change direction... *In the Interest of Justice:* The Court upon motion of the defendant may order the place of trial to be change to another county:

   The Court upon the motion of defendant Simón C. Corona shall order the place of trial to be changed to a county where the against the defended Corona cannot obtain a fair and "Impartial Trial". Deprived defendant Corona of fair trial and violates "Due-process" "Cause" by the Trial refused to "Grant Change of Venue" and "Unblemished Time -line" and "None Physical Evidence" ...." *Not excuse-of issues".*

### Claim 7

**Constitution Right Fairness Guaranty Constitution Right of the fairness guaranty for due-process and entitlement."**

   The course of most notable foregone conclusion of "none fairness of "Justice Ministration' by the denial of **juror Ms. Seeley**, immediately following with the verdict, Ms. Seeley in the pursuing of a private concerning conversation with the trial judge that was **"denied".** The question of what truly had cause Ms. Seeley aggravation in the court room deliberation? Trial Judge improper standard of Constitution Right of the fairness guaranty for due-process and entitlement." Cause the failure to strike the juror who apparently was related to the prosecutor's team. Prejudicial pretrial publicity and inflamed community atmosphere so cause of deprived right for the "Change of Venue". The quest

remand in pursuing a goal so to remanded the cause of a violation had the "jurors conduct or guidance improper or heavy- handed, invective or domineering force by the Junior's or the chairperson "because" passivity speculates opinions and gossip or rumors talking to the County Sheriff and others relationship.Conflict of interest representing jury that discriminate in the selection violates the "Equal Protection Clause" by "juror chairperson" should have "rescued them self-selective prier trial by mere mission when asked if anyone had any "connection or relationships to the government prosecuting party "Right to trial by impartial jury preponderance beyond a reasonable doubt {214 ore 5273} "Clear Convincing and beyond a reasonable doubt. 230 P.2d 1033] doubt ORS.17.250 (5) jury instructed "burden of proof and must produce evidence which "Weighs more" then the evidence of fared to the contrary. Impartial jury "fair cross section of the community *Taylor v. Louisiana, 419 US. 522 .527 [1975]*

    **Right to trial by impartial jury** Preponderance beyond a reasonable doubt [214] ore.5273 "Clear convincing and beyond a reasonable doubt. [330] doubt ORS 17.250 (5) Jury instructed "burden of Proof and must produce evidence which "weighs more" then the evidence offered to the contrary. The right to an impartial jury can be demonstrate that the jury was biased. Violation both of the Sixth Amendment Right to an impartial jury and the fourteenth Amendment "due-process". Impartial Jury "Fair cross section" of the Community. *Taylor v. Louisiana ,419 us.522.527 [1975] Duren v. Missour,439 us.357 [1979]* fair cross section challenges recognize underscores "Cognizable group" as there "race-based or sex-biased'. *Salem v. Helm 463, us. 277 (19830* Eighth Amendment Sentences, Prohibits Cruel and Unusual punishment.

    **Conflict of interest** had *"causes"* the jurors conduct or guidance improper or "heavy-handed invective" or domineering by the jurors or chairperson, passably speculate elation the County Sheriff and others relationships in the township. "Cause the question of "what had really gone on during the trial hearing?" and "verdict", *Ms. Seeley* most of all in "the deliberation". *"Was?"* "Coheres Negative Conduct" to one or other jurors had an implication pressure to arrive at a guilty verdict, on a late hot summer hot summer Friday afternoon, in a very short time of deliberation time.  Recalling the accountant of being stifling worm and when fans were loud when on was hard to hear conversation, Counsel Aaron conditionally as all its parts inadequate for failing in the *"conflict of interest "*of the prier request for the *"justifiable right"* for the "Motion act of change of Venue" for the proposed request by his client Corona and his family members prier the trial heaving time to investigation on the community's regard to the people involved; Separability could

have change of the performance of jury verdict.  Counsel Aaron conditionally as the part, inadequate for failing in the *"conflict of interest"* of the request for the *"Justifiable Right"* for the "Motion act of change of Venue." Proposed by his client Corona and family members; The possibility could have change of the periodic outcome of the "jury verdict". *Ramset v. Thompson 162 ore. App. 139 (1999)* The right to Cross-exam extermination is part of the confrontation.

### Right of a Fair Hearing the "Motion act of change of Venue"

[1] Trial Judge *"Actual Bias",* Have the knowledge or should have known of the juror hold as "Chairperson is related as cousin with the County Sheriff. Failure to strike juror who apparently relate to the Prosecutors team.

[2] Presiding Trial "Judge Cause" Procedural rules "Comprehension" Trial Procedural in the "Change of Venue".

[3] Trial Judge   improper standard "Constitution Right of Fairness" grenadine for "Due-process". Deprive by the Government the entitlement for the right of "Equality Standard". Cause the violated judgment of fairness "Ethnicity" inappropriate "Profiled Fairness". Fair cross section challenges recognize underscores" Cognizable group" as there "race-based or sex-based". *Duren v. Missouri 439us.522.527 [1975]*

[4] Trial Judge Failure to raising "Ethical" concerns there currently exists for standards, established "Prejudice Demonstration" by the prior history defendant Corona and along with his daughter Evonne G. Corona furniture for meaningful "Constitution right for Due-process" in their behalf.

### Claim 8
### Subjects of Compliant for Inquiry Action "Time-Line" from [ 1993 via 2001]

Trial Counsel Aaron Exorcising reasonable probability and reasonable skill and judgment" would have objected to the above flayed and omission effected the outcome of the proceeding. Note Example Prosecutor designed the "Time-Line" from **[ 1993 via 2001] the** "Erred" preconceived before and beyond which the alleged crimes and cause to deprive of the element of deference and designed special to fall in the time frame allowed for Measure 11.

**Claim 11 Unclassified Element of Defense and Concerning Conduct Summery** Government Party conduct and action have more than likely altered the outcome with the elements of dishonesty and signification prejudicial irregularity, the result and the significant dishonesty of perjury play the determination and outcome of the "Leading Heresy "and "bad act "violated by none evidence".

[1]  Government eviction the enigmatic time line Exhibit [ **4.ABC 10 318 OD 318 RD 318]** State exhibit's cause the specific's established time -line to introduces alleged victim history of the frame from **[1993 via. 2001].**

[2] Document evidence of alleged eviction by the Sheriff Ross of Wheeler County eviction of Simón C. Corona from his home at 600.7th Street Fossil Oregon.

[3] The protected exhibits were preconceived as Court introduces case to prospect juror's the jury vole dire, the exhibit page's remodel turned facing out to expedite forensic distrust. "Phlegmatic" to the juror's for closing arguments.

[4]  State demonstrative enigmatic accumulation "time line of event's" so totally without able not to prove especially when the defendant was unable to have the ability of action or prove theoretically the "truth of the time-line "of allegation accused.

[5] **[Tr319-320]** Counsel objection as being evidence received as two state witness and the alleged victim already gave testimony. Theoretically the established "exhibit time line" was to tell the State witness and the juror's what already had given their testimony's.

[6] Corona objection of the time line of state exhaustion enigmatic exhibit's is fabricated and enfilade by the prosecutor's imagination by the victim's mother and assent by others in act of collusion.

[7] **[Tr 659.699]** Counsel cites, Alleged victim had remembered grade's and her teacher's name's, her houses she lived in, remember exactly when that happen, without the assistance of some fancy prosecutor chart.

[8]  Counsels representation measured against "Prevailing Professional" fell below an object's standard of reasonableness and second, that the deficient performance prejudiced the deference.

### Enigmatic Time <u>Line Exhibit 4 ABC [10 318] [ DD 313]] RD 318]</u>

[9] Government eviction an enigmatic Exhibit Time line ranger in that deprive of "Emmy defense".  Maser [11] – [1995] Not under State ruling for Sentient and Sauté of "Limitation of Establishment"

[10] States Exhibit inadequate procedure "Cause" Limitation of Establishment Credibility"  in the regard of time line.

[11] The State exhibits specifics entered **Exhibit 4 ABC [10 318] [ DD 313]] RD 318]** State introduces alleged victims' history in the reported between the years of **[1993] via [2001].**

 [12] Prosecutors Party cause as a preconceived the deigned example of a "Exhibit" to   indication the "Time-Line and the location of the alleged crime".

Prosecutors party designed the element of the "Exhibit" to fall in the accordance in the frame for "Measure 11" ruling of Oregon only reconnoitered. Disproportion destined of "Cause" to introduces and time-line before the year of **[1993]** and beyond so to extend **[2001]** which alleged crime for juries are to be elected to believe what is the place an established as true dates and times also location, the "Exhibit" was to intend to desolation the journeys feeling toward the defilement of Corona's caterer of unjust truthfulness.

**Claim 9**

**<u>Conclusion of the Age and of Promiscuous</u>**

Elected Testimony's None Credibility testimony by Alexandra Roberts Locke: Remembers exactly the" first sexual incidence" That was recurred provided "incorrectly". Disagreement of Exhibit **[**122**]** By Statements Alexandra Roberts "Remembers Exactly" *In debate or question if ever?* The incident occurs; She gave the specific Date and details of the [2ed] week after her first period that it came, one week after Her fifteen [15] Birthday [Tr249] Prosecutor Weatherford question; quote, do you remember telling officer Studebaker on the investigation that the first time you had sexual intercourse was after you after you were sixteen [16] year old? Alexandra Roberts testimony was "No!" There was a testimony elicited from Alexandra Roberts and was introduced as evidence that the sexual intercourse occurred when she was sixteen (16) the other testimony's elicited was one (1) week after her first paired just after her fifteenth (15) birthday [Tr 199] Then there is the age of seventeen (17), stating she was thinking of having sexual intercourse with her boyfriend and the physical examination for birth control. Had nothing to do with her first menstrual period her mother Denice P. Rickard testimony's that this was correct. The doctor that did the close extermination that found "No "experiences relation to physically damage to the virginal of the age of seventeen [17] or eighteen (18). [Tr306] None Physical evidence of year old. Denice P. Rickard Not that I remember!". None Physical evidence of decontamination during physical for birth control at the age of seventeen [17] year old for birth control. *None Physical evidence of decontamination during physical for birth control at the age of* seventeen [17] year old or eighteen (18). [Tr.256]  <u>Alexandra Roberts, Cites *"No".*</u> "Not that I remember for birth control. at the age of seventeen [17] year old.  [Tr 274] Exhibit [Tr.122] Exactly when the sexual incident accoutered. She remembers correctly exactly when it happened. Alexandra Roberts renege of statement that she made and in her writing to the *Police in Alaska*. [Tr 278] Alexandra Roberts conflicts testimonies by the use of "Probably" was not; 'I wrote that!?' She withdraws from wiring the statement

that she made and her writing to the Police. She withdraws from writing the exhibit [Tr.122], by saying "I probably was not my name!" [Tr279] Alexandra Roberts testimony, *she doesn't remember being on birth control,* from the time of sixteen [16] till she had moved out from home at the age of eighteen (18). [Tr 280] Alexandra Roberts Cites, I do remember bring on birth control, don't remember what age, she made a statement of moving from her mother's house in Condon Or. To the house in Fossil Or. In the sophomore year and remember having her sixteenth [16] birthday. [Tr 168] Counselor Aaron question. Denice P. Rickard about the doctor that did the     of the close examination. So, the age approximately sixteen [16] until she moves PAP smear out, as far as you know, your daughter was on birth control?   Denice P. Rickard    testimony's "Yes" [Tr 169] The age was approximately seventeen (17) or eighteen (18) year old, on birth control, she "Alexandra Roberts" continual until she moves out at the age of eighteen (18), on birth control. Features of the subject of only mock-up colliding collusion testimony's until she moves out on birth control by Denice Rickard saying "Yes" to as fair as you know your daughter was on birth control until she moved out.   Note; "This leads to the conclusion of the age of promiscuous". the doctor that did another close examination [Tr 199] Counselor question Denice P., Rickard, What the purpose of going to the clinic? Denice P. Rickard testimony's; She "Alexandra Roberts" had come to me and said that she was thinking about having sex with her boyfriend. that I remember!". [Tr306] None Physical evidence of decontamination during physical for birth control at the age of seventeen [17] year old.

### Supreme Court rolling of medical

Counselor question Alexandra Roberts, The Doctor *"didn't notice anything unusual"* Supreme Court rolling of medical opinion without any physical evidence of abuse determination succeed the motion suggested act of fabricate testimony regarding "No" evidence to the alleged crime, where preponderance of the "none physical evidence" failed to exercise and act on motive and fabricate testimony, buses on reasonable evaluation of benefit and covetousness of pursuing desired collusion.

### None Credibility Issue:  Question; he dints tell you anything was different

[Tr.94] Alexandra Roberts Question by Counselor; How late at night she was up till all hours on the school day to do her homework? [Tr 193-194] Counselor question Denice P.  Rickard of her daughter being worked so much with chores that are so burdensome to her at times staying up so late to do homework at times she was up till, say 2.00 or 3.00, 4.00 am in the morning?  Denice Rickard

testimony's I don't recall anything like that in the morning doing her home work! "No". [Tr 586] Counselor question Bingaman Roberts; Was Alexandra up till all hours in the morning doing homework? Bingaman Roberts testimony's "No!". Now the bedtime Corona had set time for everybody generally and you had to go to bed lights out to sleep! So, Question by conserver, you weren't up until all hours in the morning doing homework? Bingaman Roberts; *"Of course not, "No!".* Jonna Rickard testimony's; She was like a prince, never burden with chores! Referring to Alexandra Roberts late night.

[Tr 307-12] Counselor asked Alexandra Roberts, do you recall *"anybody ever walk in and seeing you do this?"* Not your brothers or your neighbors, Alexandra Roberts "Nobody" Not your brothers or your neighbors <u>"Nobody"</u>? [307- 14] Alexandra Roberts Cites; <u>"No"</u> [Tr.255] Prosecutor *Weatherford* asked Alexandra Roberts, He Cites "Did anyone ever walk in on you?" State Roby Nunn. Testified livening across the street and heard Alexandra talking and went to the house and just walked in a sow her and Corona in bed just in the door way and the Mouther come in from the kitchen. Alexandra Roberts testified *"No! no one!".*

Question by conserver, Jonna Rickard, have you seeing be molested as she walked in on the act., of fabricate testimony Twice, maybe three times! and two [2] brothers testified walked in. "Alexandra Roberts statement"*; "Nobody!"* Counsel Aaron: Not your brothers or your neighbors "Nobody"? Counsel Aaron: *Why didn't any one ever report this serious alleged of a crime sooner?*

### Claim 10

**Testimony's of Recantation by States Prime Wittiness Follow are illustrative examples Witness tampering No physical evidence**

[1] Misconduct in witness tampering

[2] Misconduct in interrogations

[3] Fabrication evidence

[4] Concealing exculpatory evidence

[5] Misconduct at trial

Government "Cause of Doubt"; has raise an objection of concern of the conduct of government during and before the trial when the States prime whiteness Alexandria Roberts Lock statement have *"recantation "formal* of withdrawal". *Lie by omission?*

[1] Counsel Aaron failed to rise "No" Physical evidence linking to the alleged sexual crime, and "None ""Physical Vagina Damage".

[2] Counsel Aaron: fail to call alterable witnesses for "physical or forensic Evidence" to offer as proof that is indisputable or irrefutable to establish none credibility of primary state wittiness Alexander Roberts.

[4] Counsel Aaron omission, and filed to achieve desired effects to the claim the evidence by State Witness Alexander Roberts. "Lied "on the mistakenly or incorrectly caused the identity of absolutely "uncircumcised of physical evidence". Stating that she did say, "Yes", he is "Circumcised!"

[5] The statement Alexandra Roberts Locks Wrote to the Police Officer Studebaker **Exhibit [Tr. 122]** Kodiak Alaska *"introduced the age as evidence".* Certainly, been conflicting introduced also the statement wrote to the Police Officer as evidence occurred after she was **fifteen [15] sixteen [16***]. "Both of these cannot be correct,".* Either one is the truth "ore "One" is not, or they're either both not the truth!? Objection to "False in part" Clearly conflicting testimony's; Cause intentionally lied an attempted to lie wile under oath. Including the age of seventeen **[17]** as well.

[6] Alexandria Roberts; she wrote to a Police Officer have field to establishing the necessary facts to prove value of factual basis. "Under new discovery of perjury" in an informed manner she courses the denial of issues identified, "Fabrication of alleged criminal act of rape" Of arson conflicting accounts and recording the allegation of alleged "dates and location" without the standards to justify the "Hearsay" repugnant remakes to suspicion and rowdily prevail tolerance,

[7] Alexandra Roberts Locks Purportedly were in "only the alleged theory and most notable of diagnosis with testified alleged theory" of "sexual intercourse as rape" of a Juvenal as the area age of *fifteen or sixteen* of a *female child*. the definitive conclusion of "No sexual abuse diagnosis" at the age of physical examination for birth control at the age of *seventeen [17] or eighteen [18]*. cause of reasonable opportunity to identify and the conclusion of the entailed promiscuous.

### Conviction Critical Constitution of Privileged Interest Are in Question:

Convicted based on false testimony activation consider the flaws of the "County government Justice system" prosecutors had misled the jury and failed to turnover *"Exculpatory Evidence"* that **"No"** *"Credible Evidence linked to physical"* connected statement to Alexandra Roberts according to her inability based solely original statement and written and what she claimed as witness evidence testified in court and original statement had been false. There is a wide array of blunders that cause "erroneous conviction by suppressed exculpatory misconduct" by "mistaken eyewitness identification". "Moot to perjury" by prosecution witnesses.

Alaskan Police and Gallium County Sheriff officers might secure a coerced or other or otherwise falsie statement. Claim.

**[8] Prosecutor knowingly to be false**, due to the nature of forensic analysts was reported circumcised testified *false (Due to the nature of forensic available uncircumcised records appear truthfulness).*

**Associations "Model Rules of Professional Conduct Rule 3.3[2]**

Prosecutors knowingly let witnesses lie about their testimony… make a false statement of fact or identification Rule [3.3] knowingly witness misconduct at trial by failing to disclose that a witness had committed misconduct perjury. *I Napae v. Illinois,360 U>S 264 (1959)* U.S. Supreme Court held that a conviction obtained through use of false evidence, known to be such by representation of the State" violates the Fourteenth Amendment and cannot stand "when the state, although not solicited the false evidence, allows it true whether the permitted perjury pertains to substantive or impeachment evidence**.**

**[9]** Following are illustrative examples Witness tampering and [No] physical evidence Wrongfully Conviction Innocent Statement and Prospector party Witness tampering No physical evidence tied to the crimes-based entirely on hearsay alleged eye witness testimony's which witness tampering was identified.

**Claim 11**

**Statement by petitioner Simón C. Corona,**

I was wrongly convicted of sexual abuse and were found guilty based on [No] or "none evidence" that didn't exist and then false testimony which is the practice of inducing a witness to testify to the facts the preserve (2) identification of serious factors of *"No" DNA* or physical evidence cussed a highly susceptible potential misconduct. The Improper questioning which occurs when insistently, and suggestively by "Prospector party" who did *"Not"* allow State witness Alexander Roberts" *to follow threw her statement"* that *"denied the indication"* that she was *"Not raped or sexually abused"* by I ,Simón C**.** Corona. I was convicted base on false testimony and the constriction pray to be overturn and all charges dismissed .Thus flows of the "County Government Justice System Prosecutors "action  "had mislead the jury and flailed to turn over";  Supreme Court held that a conviction obtained through use of false evidence, known to be such by rerisen "Course "with  "exculpatory evidence" that "no" credible evidence linked "Physical connection statesmen" according to *Alexandra Roberts* inability based solely original statement and what witness testified in court and "original statement had been false"; There is a wide array of blunders that cause erroneous conviction by *"suppress exculpation mistaken eyewitness identification"* that

hearing the alleged story that Alexandra Roberts told. *"Hearsay"* action by is perjury *by Prosecutors; Assent   Attorney General, Witnesses'* Police or Sheriff officers might secure a coerced or otherwise false testimony.

Claim [12]

Counsel Failure to Diligently Investigate Summery.

The appointed trial counsel Brian D Aaron failed to diligently and dutiful investigate allegations against me as inconsistent information was provided in the discovery which was fabricated and created in order to increase the gravity of the circumstances at issue.  Counsel's cumulative failures and errors amounted to prejudice resulting in my conviction was  submission to the Assistant District attorney Weatherford  and his willingness to accept the  prosecutors of Wheeler and Gilliam County's theory and investigation results instead of conducting his own independent investigation of the allegations and to seek and  interview witnesses, and present mitigating evidence in trial and prier the trial, and the omission of evidence and investigative findings were a product of failure to exercising professional skill and judgment by the lack of an acceptable tactical decision which prejudiced me, as counsel's performance fell below an objective standard of reasonableness of a defense counsel in other similar felony criminal proceedings under the prevailing professional norms. Trial jury convict based upon *" identification by a single eye witness"* Alexandra Roberts that is *wrong* in provided a detailed presentiment as identified as forensic evidence. Prosecution must meet its burden of proof by presenting fingerprint, DNA, or other forensic evidence linking a defendant to the crime. *Evans v. State, 922 A.2d 620 (Md. Ct. Spec, App 2007)*

**(1)** Defense Counsel did not argue to the jury that such forensic evidence should be required.

**(2)** The curative instruction must inform the jury to consider all the evidence or lack of evidence and

**(3)** the curative in suction must reiterate that the state has the burden to prove guilt beyond a reasonable doubt. The argument concerning the lack of forensic evidence and the trial court had erred in not giving the instruction from to the jury until after three **(3)** "substantial testimony that make a difference was already has been given". By the time "counsel had note us the issue, and made the reference to the court". Instruction default cause may have affected the verdict.

 **Evidence Misconduct**  Any witness evidence who makes an identification and never permitting the defendant object on tangible material evidence falsely

claiming *"misconducted of forensic analysis"*, ore *received certification by recalling an state witness,* in including witness statements of an ejects or other tangible things-that constitute or contain evidence material to any matter invoked in the action and that are in the passion, that would *"reduce wrongful convictions"* in general and wrongful conviction stemming from misconduct in particular. State prime Witness Alexandra Roberts who don't know the identity of an commercialize or uncircumcised therefore can't communicate the identity to witness, purposefully or inadvertently; selecting "fillers" resemble nondescript.

**Denial of Processes of 14ᵗʰ Amendment Right's Violated right to due-process**

U.S. Supreme Court's modified interpretation of its *Brady* decision with it subsequent ruling *Untied State v. Bagley, 473 US. 667 (1985)* Brady held that a prosecutor is to disclose material exculpatory evidence, "material" was "any evidence that tends to prove the-probability or improbability of a fact in issue. Under *Bagley,* evidence is *"material" only if* ". There is a reasonable probability that had the evidence been disclosed to the deference the result of the proceeding would have been different, *"this is akin to the no-harm, no-foul"* rule the court has establishing with its "ineffective assistance of counsel*". Strickland v. Washington, 466 US.668 (1984)* Finally official's misconduct with the intention are known with absolute certainty;

(1) official government misconduct is a major cause of convicting the factually innocent, and

(2) the gravity of the misconduct and its consequences are important to addressed. Violated right to due-process under the Fourteenth Amendment of the United State Constitution.

[3] Government involved in execute "Bad-act" under unjust hearing in execute the practical for possibilities for consideration for the recall of the States wittiness *Alexandra Roberts* for "Not" the identify by visible and un- knowledge of *"physical forensic evidence".*

[4] Government "Cause of Doubt" has raise an objection of concern of the conduct of the prosecutors and *the "Assent Attorney General "*of <u>"Not"</u> being none bias or none partisan judgment, during and before the trial when the prime state prime *wittiness Alexandra. Roberts Locks* statement had <u>*"Recantation"*</u> formal withdrawal grievance and retract ever binning assault or compel to participate in submitted to a sexual act.

[5] Government in execute *"Bad-act"* under unjust hearing that exclude the practical for possibilities for consideration for the recall of the States witness *Alexandra Roberts* for the "wrongful identify by incorrect" visible and "un-

knowledge of physical forensic evidence". Couse an order of Impeach Perjury and Discrimination Credibility and Alibi Summery Equal Protection under New Discover Evidence. *Frank v. Magnum 237 us 309 [1915] Kirk Pricks under [404] (2) fourth edition Mewers v. Killinger 999 F. Supp 844 [E.D. Mich. (1997) [1958] c 664 & 5: repealed 131.370 [1973] c 836.358.*

### Claim 13
### Right of Equality Entitlement and the right for Du-Process
**OR 131.215 (1) (a) (b)County Court document records [No. M-76-119] 321 B St. Condon Oregon. Consider the 14th Amendments requirement of equal protection under the law Consideration**

[1] Prosecutors cause direction action of discriminated among ethics groups on non- sequester collateral issue that induce of an "Fabricate Repugnant Testimony" by the *"State witness Lana Wing"* a bias motive and ability to lie on a "Tainted Testimony", The State elected "Hearsay of a Collusion" that admitted bias willful perjury. The "Cause" permit to intent to influence and truly swayed the Jurors emotion and to distracted and harassed attempt and action of obstruction also frustration so to add tension by the" Elicited *Errors".*

[2] Counsel Aaron requirement to willful intent to prove the "Cross-examination" by the request of his client on the possible bias motive for lying ability of general truthfulness and tainted testimony of State elected "hearsay of collusion "that admitted bias willful perjury by Lana Wing. The "Cause" permit to the intent to influence and swayed the juror's emotion and to distracted and harassed attempt and action of obstruction and also frustration so to add tension. "Edited errors".

[3] Counsel requirement to willful intent to prove the "Cross-examination" by the request of his client Corona on the bias motive for lying and the ability of truthfulness and tainted of State Witness Lana Wing, "Was denied by Counsel Aaron decision act" *of "Omission",* Cause the effect of the verdict". the regraded to the Clint Simón C. Corona request to prove the untruthfulness of the statement of elated given confession was "out right wrong". When asked of *"Time and date of and place of the hearing the mad-up confession".* Counsel refused to provide the proven evidence, following the request to provide the County Court document records **[No. M-76-119]** 321 B St. Condon Oregon. Credibility and Alibi Summery Equal Protection under "New Discover Evidence".

**[Tr 435-442] Lana Wing** testimony had quoted; when quotation of time and location and place, About a year ago! At the home at 321 B St. House! and *Lana Wing* ability to lie on a tainted testimony "State elected hearsay of a Collusion"

that Lana Wing testimony "admitted willful bias perjury". Stating at the end of questioning, quote;" I am so sorry!".

[4] The "Cause" permit to influence and swayed the Jurors emendation and to distract ore harassed attempt and action of obstruction also frustration so to add tension *"Elicited Errors".*

[5] Counsel requirement to willful intent to prove the "Cross-examination" by the *"request of his Clint Corona!"* on the true possible bias motive for her tainted statement of State Witness *Lana Wing*, lying ability of general truthfulness.

[6] The Evidence of "Deed copy of transfer of ownership" [2004] House on B St. demolish before 2005] Vacated prier demolished, [2001]. City utility cut off prier [1998].

## Statement New Discover

I, Simón C. Corona living in Washington State [2001] via [2006] Without "No": communication with Lana Wing prier [ November 1998 via 2006]; I "Was Not" present at the time or place and location of allegedly confessed told impart of laying story state by *Lana Wing*. Without "No Evidence". Statement made of the *"Heinous threshold"* story of the tradition, Customs, Habituate or practice, in the constitute cultural system of the "Mexican society" that the Fathers inundate practice "Sexually instigate their virgin daughters before marriage". And I a father of three daughters told her this repulsing story and even confessed slouch a crime is repulsing. The Government officials standard cause unreasonable errors, even after the trial Judge Paul G. Crowley *"warning"* on the actions of issues was unacceptable and would not be *"treated lightly"* and cause sufferer substantial damage. This statement "Cause" the denial of the right of the "Constitutional Equal Protection".

 [Tr. 362-363] Prospector assent Attorney General Jackson, elicited the **State witness Lana Wing** testimony to press the humiliating lie without proving her trite or idea of "Hispanic Father's" sexually abusing their virgin daughters as *"they or them, their kind or thus"* stating has negated prejudices in "Custom or Tradition" stated by, Witness Lana Wing.

Statement: I Was denied by counsel Aaron wrongful decision to act of omission cause the affect the verdict. Government Prospector assent Attorney General Jackson; " Knowing Cause" the role of Procedural Discriminated" "Profiled Hispanic Fathers and virgin daughters" that potentially cause no boundary or integrity of the law rule to go there; **No** priority of Constitutional  entitlement for inauthentic sought to depravity and header theoretically the *"Magma Carter"* full of the law that vicegerent for success integrity guarantee of the "USA Citizens"

and all regardless of race and ethnicity and to value deceiver population. *Frank v. Magnum 237 us 309 [1915] = Kirk Pricks under [404] (2)* fourth edition. The meager part was the prosecutors and the "false statement intended to deceive or perjury" by witnesses. **Lana Wing** was the factor of "Equal Protection" under the law. "Consider the 14th Amendments requirement of equal protection under the law"; There is a wide array of blunders that cause "Erroneous Conviction" that course perjury by prosecution witnesses, typical small-town American protecting the teenager's boys that the bit of a prankster was not so. That a true crime and arrested with changes reported, results the loss of Evonne Corona result of lost her innocent and robbed her dignity and trust also potentially impacted her life exasperated. Along with prosecutor witnesses Lana Wing or suppress exploratory evidence or perjury by witnesses. Consider the "14th Amendments requirement" of "Equal protection under the law". That cause perjury by prosecution witnesses. Typical small-town American protecting teenager boys that the bit of prankster was "NOT" so that completed a heinous crime and "NOT" arrested correctly by the State and Federal law "Fourteenth Amendment of the United State Constitution".

There is  no pleasanter to open my hand to expose the corruption in a tight-nits community where the land of the low is one sided and the mayoralty or the indifferent can be pushed out of sight then to help the needs of the law and the *"key aliments progression process"* of criticizing *"hypocrisy and hypocritical and prejudices of race attitude"* and closely guarded secured and undermines interest are question *Newers v. Killinger  999 F. Supp 844 [E.D. Mich. (1997)  [1958] c 664 & 5: repealed  131.370 [1973] c 836.358.*

Claim 12

**Challenge the Conviction Instruction [2] warrant, the basis of violated defiance of County Governments authority in two Counties of Oregon.**
*State v. Douglas 310 Or. 437, 441 ,800 P2d 161 (1990)*

This production exhibit had preconceived as the Court introduces the case to prospect Jurors and Jury "Void Dire", before Courts was even call to order as State Assistant Attorney General and County Prosecutor fold over pages in order for all people to preconceive the case before entered as: "Exhibit Evidence". Wheal the Exhibit intended to be offered into be Evidence, the contains materiel deigned by the Prosecutors party should be concealed form all the people in the courtroom as the court introduces the case to the prospect jurors and during jury "Void Dire**.** "As the pages where being trued over and over.  The exhibits pages by Prosecutors Turing pages and eared turned facing out to expedite forensic distrust

phlegmatic the People before beginning of trial via jurors for closing argument.

[1] States Exhibit inadequate procedure "Cause" Limitation of Establishment" credibility in the regard of time line.

[2] Subjectivity attack and deprived the authority of Jury instruction prior to commencement of the trial.

[3] Objectivity attack and deprived the authority of Jury instruction prior to commencement of the trial.

[4] Jury charges or instruction intended to be submitted should be prepared and given to the instructor prior to commencement of the trial.

The probable Cause to believe that the Prospectors "Exhibit" should be intended to be offered into "Evidence". Prior to commencement of trial "Cause Motion "for grounds for issuance contents of order penalties.  Elicited credibility introduces and conflicting accounts regarding the "Dates, Times, Location "of the alleged crimes and complexity of introduces by Government and State Witness testimony and None trustfulness of Fallacy facing that offend against "Logic" of statement is made.  Obliteration by Government Denied of Entitlement by demonstrative of hard to understand perplexing and enigmatic" Exhibit "full of mystery and accumulation of 'Time Line" Was unproven events. Soto tell all States witness use of "Hearsay" purported items or but perhaps not true and events to making the cover satiation rounds in what "time line of event", the alleged accused is without the need to prove by the States party's especially when defendant Corona the was unable to have the ability of action or to prove the truth and to state as being the true case of events. [Tr 319] Counsel Aaron Had objection as being "Exhibit Evidence" that was "Not" as  entered as evidence after the Statements where listen by the jury and then received as "Exhibit Evidence" *after already* **"Three  [3] "** testimony's including the State Prime Witness Alexandra Roberts the alleged Victim already had given there testimony's when the State established there trump up "Times Date lines" essentially telling other what to say and what the other people could have seen and to testified about the same verbal program for a dramatic performance script scenario' and the "Cause of Hearsay".

[1] The jury did not see any physical evidence linking to a crime.

[2] There's no physical evidence to convict, there were just inconsistent testaments by supposed eye witnesses.

[3] Trial court's mechanistic application of the Oregon Rules of Evidence denied defendant Corona Federal Conventional Right to present a defense.

**[4]** Appeal of Refusal to "Dismiss Juror for cause, Jury lead "Missus of Prejudice" in the factor of associated in a future dangerous meaner or repulse and imbibe an inculcate ignorant hateful reasons.

**[5]** 20.893 Preserve of error on appellate review clam. Juror should have been dismissed for "Cause".

**Statemen:**  I, Simón C. Corona made know begin of trial have personally made necessary attempts for with drawl of juror pond the knowledge of kinsman with the County Sheriff. Trial counselor knowing kindred about the specific situation "Fact" case the juror should have been dismissed. "Denied Effective jury trial there is" Not*, "No harmless error". State v. Douglas 310 Or. 437, 441 ,800 P2d 161 (1990)

**Wrongful Accused Claim Time line [1993 via 2001] Fourteenth Amendment of the United State Constitution**

**[1]**  I; Corona, Clams of wrongful accused the alleged crime and provide the Evidence Documents.  Specific trump up Time line from **[1993 via 2001].**

**[2]**  I; Corona, Document Sheriff Ross eviction form his domain home **[Nov.24 1998]** located in the owned house of Corona [ 600' 7th street Fossil Oregon.]

**[4]**  I; Corona, Relocate away from both County's and State of Oregon **[Dec28.1999]** Travel to Mexico **[Jun 3. 2000]**in California **[2001].** With my parents caring for both my Mothers and Father during and after hospital stay and recuperation for several months.

**[5]**  I; Corona, move in new rural home near Eatonville Washington **[Nov. 2002]** via **[2006]** Lived alone, a retired S.S.I. Disability's.

**[6]**  I; Corona Bond mandate **[2004 via 2006]** May live the State of Oregon and resided in the State of Washington. Condition of formal understanding the terms of Court Bond, not to be alone or stay away from the two counties.

**Noted: Lana Wing** Testimony is*" wrong and outright lie!"* giving the time line, one-year be for the trial that a Mexican tradition by "they or theme" fathers' of allegory of a 'Haynes's and sinful confess to a criminal sexual crime' with my virgin daughters before mirage.

### Fourteenth Amendment of the United State Constitution

The issue in this case "Cause "whether petitioner Corona in a first post-Conviction and to "appear pro-say clammed". Governments corroborating strategy to discoed and claims to have unclaimed evidence of an alleged sexual assault by the allegations against an elderly Hispanic America man and *to "turn an blind-eye of the law"* of the claims with evidence of a sexual assault of  His daughter Evonne Corona, and of the "wrongfully convention accuse on false testimony conviction"

for her father Corona.  Prosecutor produce question of bias and prejudice, if my father was in what county he was in the Army? A Veteran and American Citizen and prod father of two sons in the U.S. severed, along with several family members.

### Objection on Exhibit Introduce.

Counsel Aaron objection **"Exhibit as being Evidence"** as not being recorded or presented as evidence to the Court to received. Even after Three **(3)** State key witness Mother Denise P. Richard and the Daughter, and alleged victim Alexandra Roberts Locke, Johanna Richard, 'none biologic Grandmother' already had given their testimony.

[1]   The State elicited to introduces there perplexing an enigmatic and conflicting their own established time or date lines essentially telling their other witness, relating what the other people had seen on the chart and perceive to testify about the same verbal program for dramatic performance, leading script a scenario.

[2]   Government naught to hold a specific time-line from **[1993] via [2001]** "State Exhibit as evidence". Designed to indication quick response and to indication to the questions will leading each witness in the alleged time of a crime Span to lead what others gave testimony's and lead responsive being the case.

[3]   Credibility Established to override the State Statute of Limitation preconceive introduces a Time-line beyond, which alleged crime for extend restricts exclusion Note: **"March 1. 1995"** = Specific designed to fall in the time frame of **[1993]**  and redundant **[2001]** the end of accused time of crime.

 [4] Councilor Aaron denied Corona to have the ability of action to prove the truth of the alleged crime time line and restive the evidence at hand, showing that Corona was "Not" there or to prove being out of state working or live in Washington State or in Mexico and live in California with parents' home.

### New Discover Evidence Introduction Exhibit

Credibility to established time-farm of "Not" livening with the family of Denise P Rickard and Her children. Renege the production of the protector's degree of magnitude of Corona physical being in the trouped dimensions of being in the said area as well of the Statements and the States Exhibit Intended as offered Evidence

[1]   Government: If an exhibit is intended to be offered in to Evidence conflicting contains material shroud be concealed from the People, Prospective Jury selection and Jury.

 [2] The State should not attempt to obtain a stipulation for the introduction of Exhibits in Evidences,

**[3]**   The State Attorney should acquire familiarity with the Procedure of laying a proper Foundation for the introduction of exhibits in evidence in order to obtain maximal jury instruction.

**[4]**   State specific time-line for alleged crime from **[1993 via 2001]** as exhibit designed the indication that graves one a start on a solution for the correct respond to a question in lead for each State wetness of the alleged Crime spree to be true as   State decoration. But perhaps not true being the case.

### Unable to Prove Evidence

During the Court Hearing I; Simón Corona was unable to have the ability of action to prove the truth of the "alleged crime time line and evidence" to back up the truth at hand that will proved evidence. I was not there or a bold to prove I was out of State of Oregon and working in Washington, or ore living in my own home in Oregon, and the times that I was "Not" living with the family of Denise Richard."  Trial Counsel had disapproved in assisted Time-Line as evidence in Exhibit in plain view of states witness intent of pomp display in circumstance duplicate in the reproduction of desired time-line rather than true evidence.

### Hearsay and duplicate seen say disability's discredit the fax.

Trial Counselor error under what is "Proof" and what Is "actual evidence", States material produce "exhibit risk of wrongful judgment" or to "Hearsay" and to duplicity what other have said and to pick out and take in with other have aforesaid pick out and take in with one's "especial visual perception." observe and perceive to what the prosecutor and perceive to what persecute lay out and arrange to create an **"Exhibit"** of select single out narrative of events to established fixation manner time line regardless of wrong doings "Act of bad conduit".

### Constitute Bad -Act.

**[1]**   Government alleged wittiness of collusion and 'Hear say." by State wetness. Counselor Aaron a pond all the "Hearsay", "Should have Failed Judaica "Prier wrongful Date and place" was trump to bridge evidence of the two parties being in the same house together and swear of the date and place.

**[2]**   Government importance plan to mesquites established the age and statute of limitation with an exhibit of dates and details "Cause" fall short of the truthful of a plan that to succeed by "Not" abiding the "Law" abiding and honestly of the "State Rules of Court".

**[3]** Cause should be concealed from "Prospective Jury and Jury" State should not attempt to   obtain a stipulation for the introduction of "Exhibits". State Attorneys

should acquire familiarity with the "Procedure of laying a proper foundation" for the introduction of exhibits in evidence in introduction.

## Fundamental errors abolished

[1] Fundamental errors "abolished" when discovered are serous that they absolutely require reversal.

[2] The marginal value of diagnosis was not slight; the risk of prejudice was greater. The investigation of fact had failed in fine and or interview of believable witnesses of knowledge and credibility.

[3] The submits that the failure of Counsel at the State Court level and above to adequately address and preset errors on this and other issues, Constitutes Ineffective Assistance and unfair.

[4] Trial Counsel had exercise reasonable professional skills and judgment to excludes that was damaging evidence. There is more a mere possibility that the above and below failures and omission effected the outcome of the proceeding. "Case in point," when prosecutors don't have their facts in order to prove a "defined time line" and then say *"we think it could have accoutered"* at a serration time line*;" But we are not sure?"*

### Statuette of Limitation with Conflicting

[Tr591] State Weatherford cites; **"IT"** *could have accrued - "we're not"-we're not sure if we "*proved which summertime?". [Tr560] Summer before age twelve [12] exactly the date? [Tr592] Court Judge the State is required to "Prove" that the act accursed. [Tr593] Court Judge Long as establish the age and Statute of Limitation. State importance plan to mess-success Field age and Statuette of Limitation with Conflicting dates and details or place us. [Tr367] Counsel Aaron; Interview Johanna Ricked "None biologic Grandmother" Citi's, "We had the kids" "every Summer, Christmas, Thanksgiving, Spring braces". Once in a while we 'ed have them during weekends in school years," we just come and get them, bring them back on Sunday, back and forth, [Tr377] Two [2] weeks Thanksgiving, Christmas Two [2] weeks, we had the kids quit often. **Tr478]** Counsel Aaron; Interviews Evonne Corona. Asked her, did your Father prevent the visits from going on, or want to stop them in any time or way?

[Tr479] Evonne Corona; "No" and She was way different from there biologic Grandmother. They did a lot of traveling to bring the kids back and forth, also little bet older Alex and Ben, came to visit my sister Pamela in the town of Monmouth, I lived in the Town of Dallas, Alex and Ben actually stayed with my sister for a good period, over the time during the summertime, they saw their Dad when staying with Grandparents.

**Fundamental errors abolished** [Tr274] Councilor Aaron questioned, and you remember that incident because you remember exactly when it happened? Alexandra Roberts; Testimony's Did not give a defendant defaunation ore remember exactly alleged incident occurred, "because nothing ever had happened. She gave specific date and details of the week after her first period and the age of fifteen [15] a week after Her Birthday. [Tr 277] Councilor Aaron Quest to Alexandra. Roberts; And you remember that incident as you induced? Alexandra. Roberts answered [ Yes!] *But not until after I turned sixteen* [16]. [278] Counselor Aaron, the statements that you made in your own writing are "Not correct?" Not in Exhibit ]122]? [Tr278]  A. Roberts Stayed*; I probably was not remembering correctly whenever I wrote that!* [Tr 279-279]. Alexandra Roberts Statement; Don't remember being on birth-control from the time of fifteen [15] till I moved out of the House. *"I do remember being on birth-control"; "I don't remember what age",* "I move the sophomore year" I remember having sixteenth birthday [16]". Counselor Aaron closing statement. She turns fifteen [15] in April [1998], She sending pictures and Father's Day cards, something serious credibility hear, She Shroud no hate towered Him? Corona. Exhibit [103] Post mark in June 1998 the Exhibit intended to be "offered into Evidence" as contains of "no hate", a Father Day cared of admonishment to-him.

Claim 18

### Objection of Elicited Confection Testimony's

Prosecutors Knowing and chose to elicited notwithstanding correct the erroneous of the conflicting testimonial of Alexandra Roberts. The objection to State prime witness "Cause knowing and use of false incident" details and when the alleged encouraging was dependent on hearsay occurred". Clearly Alexandra Roberts. conflicting testimony of a witness that conflicted whit Her   own story or allegation. Alexandra Roberts elicited to introduced as evidence that a specific details of the fist sexual intercourse happen one week after Her Birthday age of *fifteen [15] then she testified after she was sixteen [16] and there is also a statement she gave to the police offer in Alaska the age of seventeen [17]. [Tr 637] Counselor Aaron Cites; If the date is significant as the production date and the*   prosecutor tells. Why did she is wrong.

### Regard to Time Frame Established Falsehood

**[Tr 367]** Jonna Rickard in the regard in opposing claim quoted; We had the kids ever vacation, weekend on school years. We'd just come and get them, bring them back on Sunday. **[Tr 377]** Two week on Thanksgiving and Christmas two weeks. We had those kids quite often all the summers we'd have, have them most of the

summer back and forth.  Conflicted State witness testimony are conforming 'Hearsay' and join forces to act in collaboration to intend to cause harm and damage that consist of not remember contrive [**Tr 247**]   Alexandrea. Roberts Cites, I don't remember her "Jonna Rickard" talking to me in their camper. Alexandrea Robert Cites; I do not remember Jonna Rickard walking in the room seeing anything. And seeing anything between Her and Mr. Corona wrongfully going on. Did not remember going on of any touching and penetration. [**Tr255**] Alexandrea. Roberts, set a process in motion of erroneous state witness testimony. "Cause" by prosecutor Weatherford asking, did anyone walk in and seeing do this? [**Tr256**]. Alexandrea. Roberts testimony made in response. _**"No"**_ Not that I remember! Not your brothers, not your neighbors? The question persisted to continue; [**Tr 307**- *NONE PHYSICAL OR FORECSIC EVIDENCE*

Government cause of doubt" has raise on objection of concern of the conduct of prosecutor and Assistant Attorney General of none partisan, during and before the trial when States prime <u>wittiness Alexandra Roberts</u>... Testament had _"Recantation"_ formal withdraw grievances have retract ever being *"assault or compel to participate in submit to sexual act".* "Government inconsistent testimony cause" standard with out on band only excessively **"bias obstruction hearsay"** that reaffirm the purpose uniting in all the elements of intent for collusion infarction. Improperly standard of "Constitution right of fieriness gratuity" for "due-presses".

### Government Denied the Freedom of Truthfulness

Government where reluctant to accept defeat in the prime witness _"Recanted Statement" and "bias hearsay."_ "An act to argue about the terms by enforced proceeding with hindrance or obstruction". Alexandra Roberts Locke "Denied that she was sexually abused" or raped .and the government team cause obstruction and tried to cover up the truth of gilt and conciliation. Regarding the different time frame that was stated be her. In the statement of the Grand jury she gave the age of twelve (12) in the Sheriff report she gave the age of fifteen (15) also to the Police of Alaska  the age of sixteen (16) she said of remembering one week after her fifteenth (15) birthday remember it was after her first minstrel paired,  and the age of seventeen (17)  she was vaguely examined   and  the Doctor report was without "No" exaggerate of the "vaginal was virgin" and requesting birth control, she was thinking of having sex with her boyfriend  was her testimony of the first sexual intercourse was after Seventeen (17) gestation only.

### Summary of None Truthful Testimony

Government "time frame of alleged crimes" of conviction creativity the improper description and lack of proof of harassment and separation of freedom from the truth.

Government "Obstruction" "Cause" denied of \" Equal Entitlement" by the use of two State witness "None Truthfulness" of fallacy reasoning that offends against logic statement made of alleged vices "Verbal abuse. Verbal insults. Emotional abuse and violence abuse" by the brothers of Alexandra Roberts Locke, Christopher Roberts and Benjamin Roberts. Christopher was not telling the truth especially the time frame that he was not living with the family for fore (4) years he lifts right after graduation to live with his Uncle that was paying for his collage till he was sent back home for using drugs and not fooling house roils and when he returned did not stay at home very long with anger attitude and move out with a friend to be on their own.

### Theory of Physically Abuse

Entrance more the "Collusion and Hearsay" with only prosecutors only relevant of "theory" with only allegations that Corona controlled a seam family, and as result of his exercise of controlled of fear that Ms. Alexandra Robert Locke testimony was alliterated to say she was attempt to appease Corona. The quality of intervening the truth fuel of "hearsay information" was formed before the Jury and before they were acquaintance with the prejudice that was present without no evince to up hold the allegations. Truth was never given that there was plenty of time to tell someone that there were threats to their safety ore what was going on when if there was physical abuse.

Most notable erred theory of alleged abuse when Benjamin Robert pointed to a head injury above his eye that was "Not an old injury, but a "trauma of a newly marred tissue red and bruised" as he was trying to show brute force, after "six (6) plus years of no contact" with Corona. Evidence of an alleged prior bad act...is generally inadmissible. Such evidence is preemptively prejudicial because it could cause the jury to infer that because the Corona has allegedly committed crimes in the past, it is more likely that I committed the particular crime in the in which I was charged. In 2000 the Supreme Court of Alabama ordered a new trial, because of prosecutions indirection of Drunkards criminal history. The court wrote in granting a new trial. "By the attention of the Southern Center for Human Rights"

### Claim 14

**Summary of Time line Post-Conviction Courser Mardini**; field to attack indictment on former Jeopardy grinds. Be causes Sodomy offenses against same victim

involved by "different dates" and were not directed to accomplishing "Single Crime Objective".

Production Dates and the way Prosecutor tells. Lana Wing prior inconsistent said the place in Corona house at 321 B St. Cordon Oregon and the Date as One [1] Year before the trial. Note, [Tr 6] The Date of Trial [Jun.19. 2006]. "Alleged Conflicting  Confession Date" given by Lana Wing as credence was [Jun.-2005] one year before the date of the trial.  Evidence by Corona of the selling of the house in question was sold and dismal aged before the date given by given evidence of Lana Wing in testimony.   Mr. Corona of Warranty Deed of cope as evidence and the transferred of Ownership   alleged time-line" and "alleged place of a crime", Fabricated or unreliable use for "Hearsay evidence", Cause of misconduct and judicial misfeasance have resulted in "Wrongful convention of an innocent person.    Preponderance, beyond a reasonable doubt 214 Ore 5273 doubt ORS 17.250 (5) Jury instructed "Burden of proof and must produce evidence" which "Weighs more" then the evidence of fared to contrary. The right to an impartial jury can be demonstrate that the jury was biased. Violation both of the "Six Amendments right "and "due-process". Ineffective assistance of counsel for failure to object to "None-unanimous jury instruction" not knowing if client conviction was a "none unanimous verdict", Public Defender, who had no experience in criminal law, that mostly stood mute, that made "No" attempt to *"introduce evidence"* that could have proved his client's innocence.

### Reasonable Probability of Prejudice

Was the proof beyond a reasonable doubt display the reasonable probability of influence of based on the powerful government people and close relationship that stimulate the conduct of resentment that had improperly influenced like the "Reasonable Probability of Prejudice" in a tight- knit township. Where fore Petitioner Simon C. Corona prays that this Honorable Court order a reverse oleo said conviction(s) and sentence(s), expunging the records of petitioner's arrest and conviction release Corona from custody, and for such further release which this court finds just, equitable, and proper. In the interest of Justice: The Court upon the motion of the defendant may order the place of trial to be change to another count. [1958] c 664 &5: repealed 131.370 [1973] c 836&3 Deprived defendant of fair trial and violates due- process, trial court refuse to grant venue. There is a reasonableness probability that sufficient cause to undermine the confidence in the outcome in the result of the proceeding; Trial Judge was biased against the defendant Corona that the proceeding would have been different.

## Claim 15
### Justifiable Argument Social Prejudice

Prosecutor had requested and orders to the judge that all personal property- real estate be singed over to the alleged victim for compensation. The "Two County Court's" and local government profoundly influenced by "Systemic racism" and White privilege" reflect legal reasoning rationalism and "Neutral principles of Constitution law" faces important racial issues in need of solutions. "Social Prejudice". Accommodated was forcibly ejected to services of one group for the other benefit of another and the absence of legal right to the disposal of the "equally forbade Mexican or other race curtailing their rights in the pursuit of freedom was little value; and that the Lows of the "Thirteenth Amendment" and "Fourteenth Amendment" and *"Slaughter House cases [16] wall [36] Amendment".* Upon the term by the County Gilliam and wheeler Court of was unsatisfactory to the dependent's party's; Laws permuting and even requiring their separation in that it does conflict with the "Thirteenth Amendment" which, except as punishment for a crime, is too clear for argument, the absence of a legal right to the "disposal of his own person, property". Slaughter House cases [16] wall [36]. Beginning to end before trial"; obviously infected. "Unfair" No priority of "Constitutional Entitlement" for inauthentic sought to deprive and header theoretically the "Magma Cared Foil" of the law that vicegerent for success integrity guarantee of the USA Citizens and to all regardless of race and ethnicity and to value deceiver population. Prosecutor had requested and orders to the surrender *all personal property- real estate be singed over to the alleged victim for compensation.*

Counsel responsibility and His method have under discussion and negative and "Major Omissions" in the course of "reasonable and earnestly request" in the "Per- Trial Interview", for an investigation to the reference of the passable act of "Prejudice and Unfairness" of more than likely then notwithstanding in an particular manners of addressing, to seek the application of a "fairness and guaranty the all right" by proper standards and conduct away from the" Presiding Trial Party" and of the true conflicting conduct and resentment of the "members of the community's in Gilliam and wheeler County's" and the "County's Governments Highly Prejudiced" and irrevocable revenge objection toward the family members action to remove forewords of "exile or banishment from the two [2] Counties". Refuting to the party of attack on "Simón Corona and Daughter Evonne Corona".

**Note example:**     Beginning open statement by the Court Judge Paul G. Crowley with all people in the court room before the sequester the jury, and with a percolate negative invidiously *"cause skewed bias"* toward the defendant first name; The Judge Paul G. Crowley had quieted, "Now we are going to play a game of "Simon said!" The first name "Simon" was used by the prosecutor fist main two witness and alleged victim testimony's before consoler tried to correct the use of first names. Under the roiling that first name is not allowed to identified someone in court hearing.

## CLAIM 16

### Oregon Article I &10,11 and United State Constitution 6th and 4th Amendments.

Petitioner Corona was substantial denied his Civil rights in of both Federal and State Constitution and under Oregon Statutes to include ORS 132.530 (1) (a-d) for the fowling **claims:** Petitioner Corona was substantial denied his Civil rights in of both Federal and State.   With the best intent and lack of knowledge and the rights under the Disability act, elderly rights and partially blindness and physical handicap, also overcome dyslexia. Petitioner has completed this "Motion **for Church v. Gladden".** With his best of knowledge being limited.

### The Petitioner Insists on Raising the Following Issue

Failure to present the Constitutions Issue in the County Court and State Court.

### Failed to File Meaningful Post-condition

1.  Trial Counselor Brian Aaron and Post- Convention Counselor   Mark W. Mardini Failure to File Meaningful Post- Convention and Exclusion of Evidence and Failure to disuses the Merits for appeal.
2.  Constitutionally Incompetent. Inadequate, filed to file a motion of disqualification of appointed Judge base on the history of political connections.
3.  Trial Counsel failed and refused to challenge the filed motion for Chang of Venue, Under Oregon Statute under the provisions under ORS 131.305 to 131.415 3.

4.  Ineffective Assistance of Trial Counsel. Failed to challenge the sufficiency of indictment the motion to set aside the indictment as provided under ORS 135.501 and 135.630. (4.)

5.  Trial Counsel field to file a motion to suppress any statement made by me during pretrial interviews without legal representation provided awareness of constitution rights.   Also suppress statement made by two or more hearsay, as irrelevant were prejudicial to my case.

6.  Trial concealer field the act or omissions in an investigation of suggested a possible motive to cause fabricate collusion as an example partnership and present monetary motivation.

7.  Trial court could have caused prejudice on the use of race bias remarks by state witness and the alleged given confession as only a lie without no evidence of true given date and place.

16.   If you did not appeal from the adverse decision in your state post-conviction case, explain briefly why you did not:

<u>GROUNDS FOR RELIEF</u>

17.   For this petition, state *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: In order to proceed in the federal court, normally you must exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

For your information, the following is a list (a-j) of the most frequently raised grounds for relief in habeas
corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief.
You may raise grounds other than those listed.

a. Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily with

understanding of the nature of the charge and the consequences of the plea.

b. Conviction obtained by use of coerced confession.

c. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

d. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

e. Conviction obtained by a violation of the privilege against self-incrimination.

f. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant
    evidence favorable to the defendant.

g. Conviction obtained by a violation of the protection against double jeopardy.

h. Conviction obtained by action of a grand or petit jury that was unconstitutionally selected and
    impaneled.

i. Denial of effective assistance of counsel at trial or on appeal.

j. Denial of right of appeal.

A.    Ground One:

_____
_____
_____
_____
_____

Supporting FACTS (state *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

B.    Ground Two:

_____

_____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

C.    Ground Three:

_____

_____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

D.    Ground Four:

_____
_____
_____
_____
_____

Supporting FACTS (state *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## OTHER INFORMATION

18.    Please answer these additional questions about the petition you are filing:

a. Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?

☐ Yes                          ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for
not presenting them:
__denied for none merit issues

b. Is there any ground in this petition that has not been presented in some state or federal court? If so,
indicate which ground or grounds have not been presented, and state your reasons for not presenting
them:

19.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

☒ Yes                              ☐ No

If the answer is "Yes," state the name and location of the court, the docket or case number, the type of
proceeding, and the issues raised:
___**Under request by Jason Weber O'Conner to send them for the assent.**

20.     Give the name and address, if known, of each attorney who represented you in the following stages of the
judgment attacked herein: **O'Connor Weber LLC 1500 SW First Ave Suite 1090 Portland OR> 97201**

a. At preliminary hearing:

_____
_____
_____
_____
_____

b. At arraignment and plea:

_____
_____
_____
_____
_____

c. At trial:

_____
_____
_____
_____
_____

d. At sentencing:

_____
_____
_____
_____
_____

e. On appeal:

_____
_____
_____
_____
_____

f. In any post-conviction proceeding:

_____
_____
_____
_____
_____

g. On appeal from any adverse ruling in a post-conviction proceeding:

_____
_____
_____
_____
_____

21.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

☒Yes                         ☐No

a. If yes, in what court was the prior action filed?

_____

b. What was the prior case number? _____

c. Was the prior action:     ☐Decided on the merits, or

☒Dismissed on procedural grounds

d. Date of decision: _____

e. Are there any issues in this petition raised in the prior petition?

☒Yes                              ☐No

f. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission
to file this successive petition?

☐Yes*                              ☒No
*If the answer is "Yes," you must attach a copy of the order received from the Ninth Circuit Court of
Appeals.

22.     Do you have any future sentence to serve after you complete the sentence imposed by the judgment under
attack?
☐Yes                              ☒No

a. If so, give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

b. Give the date and length of sentence to be served in the future:

_____

c. Have you filed, or do you contemplate filing, any petition attacking the judgment that imposed the
sentence to be served in the future?

☐Yes                              ☒No

23.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must

explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition:

_____
_____
_____
_____
_____
_____
_____
_____
_____

24.   Date you are mailing (or handing to correctional officer for mailing) this petition to the Court: **January 31.2023**

WHEREFORE, petitioner prays that the Court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

_____
Signature of Attorney (if any)


DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**January 31 .2023**_____
Date                           Signature of Petitioner


* As noted in the instructions to this form (at #8), if you are incarcerated at Snake River Correctional Institution (SRCI) or Two Rivers Correctional

Institution (TRCI), you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7 (for SRCI) or 2019-12 (for TRCI). Accordingly, you must submit your filings in this case to prison staff for scanning and electronic submission, instead of mailing the filings using the U.S. Postal Service. Please indicate the date you submitted this petition to prison staff for scanning and electronic submission.

CERTIFICATE OF SERVICE

CASE NAME: _Corona_ v. _Reyes_

CASE NUMBER: (if known) _____

    COMES NOW, _Simón Corona_ , and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution. (TRCI)

    That on the _31st_ day of _January_ , 20_23_, I personally gave Two Rivers Correctional Institution's e-filing service a TRUE COPY of the following:

_Federal Habeas_

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                  _Simón C. Corona_
                  (Signature)

        Print Name: _Simón Corona_

        SID #: _4664801_